UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATUS CAPITAL PARTNERS, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>JONATHAN NEUMAN, ANTONY MITCHELL, RITZ ADVISORS, LLC, GREG WILLIAMS, DARYL CLARK, AND AMANDA ZACHMAN,<br><br>     Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded For All Issues So Triable |

  Plaintiff Innovatus Capital Partners, LLC ("Innovatus"), as and for its Complaint against Jonathan Neuman, Antony Mitchell, Ritz Advisors, LLC ("Ritz"), Greg Williams, Daryl Clark, and Amanda Zachman ("Defendants"), alleges as follows based on personal knowledge as to itself and upon information and belief as to all other matters.  Plaintiff identifies all information and belief allegations as likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

  1.  Plaintiff brings this action seeking, *inter alia*, preliminary and permanent injunctive relief enjoining Defendants and their associates from using an innovative business opportunity and related confidential information developed by Plaintiff, and disclosed to Defendants by Plaintiff.  Plaintiff disclosed the business opportunity and related confidential information to Defendants for the sole purpose of the evaluation of a potential business partnership between the parties and only after Defendants signed non-disclosure and non-circumvention agreements in which they agreed not to pursue the business opportunity except together with Plaintiff and not to use the confidential information without Plaintiff's consent.

Defendants Neuman and Mitchell, who control the other Defendants, have informed Plaintiff that they consider the parties' business relationship to be at an end, have declared their intention to pursue the business opportunity without Plaintiff's consent, and have taken steps to do so and to utilize Plaintiff's confidential information.  Defendants' actions threaten Plaintiff with irreparable harm in the loss of a unique ability to exploit this business opportunity as the first, or one of the very first, investment firms to do so.

2. Plaintiff developed an innovative method and process related to real estate transactions (the "**Business Opportunity**") and identified Defendants, who are engaged in the real estate brokerage business, as potential partners to help pursue the Business Opportunity. Plaintiff required Defendants to enter into Non-Disclosure Agreements (the "**Non-Disclosure Agreements**" or "**NDAs**") before disclosing the Business Opportunity to Defendants and engaging in detailed discussions with them concerning the Business Opportunity.  The NDAs prohibit Defendants from circumventing Plaintiff, pursuing the Business Opportunity without Plaintiff's consent, or undertaking any transactions in connection with the Business Opportunity without Plaintiff's consent.  The NDAs also prohibit Defendants from using any confidential information provided to them by Plaintiff for any purpose other than to further Defendants' business relationship with Plaintiff.

3. Beginning in August 2017, pursuant to the NDAs and a Term Sheet for a formal joint venture agreement signed by Innovatus and Defendants Newman, Mitchell and Ritz (the "**Term Sheet**"), Plaintiff and Defendants engaged in extensive planning, development and other joint actions to pursue the Business Opportunity.  As part of this process, Plaintiff generated and disclosed to Defendants certain non-public analyses and information subject to confidentiality restrictions set forth in the NDAs (the "**Confidential Information**").

4.       In April 2018, Defendants unilaterally ended these joint efforts unexpectedly and without cause.  Defendants Neuman and Mitchell informed Plaintiff that they intend to pursue the Business Opportunity without Plaintiff's participation or consent.  This constituted an anticipatory repudiation of the NDAs.  Subsequently, on information and belief, Defendants have continued to pursue the Business Opportunity, now without Plaintiff's participation or consent, in violation of the NDAs.  For example, Plaintiff has learned from a third party that Defendant Neuman has recently taken specific steps to pursue the Business Opportunity separate and apart from Plaintiff, without Plaintiff's consent, in breach of the NDAs.  Moreover, just today Plaintiff received a copy of an email showing Defendants' real estate brokerage business about to enter into a form contract with a customer, in unilateral pursuit of the Business Opportunity without Plaintiff's participation or consent.

5.       Moreover, on information and belief, Defendants are using and intend to continue to use Confidential Information provided by Plaintiff in pursuing the Business Opportunity without Plaintiff's consent, in further breach of the NDAs.

6.       Defendants' continued use of the Business Opportunity and Confidential Information without Plaintiff's consent will cause irreparable harm to Plaintiff by, among other things, depriving Plaintiff of its position as the first, or one of the very first, investment firms in the United States exploiting this Business Opportunity.

7.       In this action, Plaintiff seeks preliminary and permanent injunctive relief enjoining Defendants and their associates from implementing, pursuing or utilizing the Business Opportunity or using, relying on or disclosing any Confidential Information without Plaintiff's consent.  Plaintiff also is entitled to an award of damages for Defendants' willful breaches of contract.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of New York, Connecticut and Sweden. On information and belief, no Defendant has citizenship in New York or Connecticut or is an alien. The amount in controversy exceeds $75,000.

9. Venue is appropriate in the Southern District of New York because the NDA between Innovatus and Ritz, Neuman and Mitchell provides that "each party consents to the jurisdiction of the courts in the State of New York," and the NDAs signed by Williams, Mitchell and Zachman each provide that the parties waive any objection to the laying of venue of any action in this District. Each of the Non-Disclosure Agreements also states that it "shall be governed by and construed in accordance with the laws of the State of New York without giving effect to its rules regarding conflicts of laws…."

**THE PARTIES**

10. Plaintiff Innovatus Capital Partners, LLC is a Delaware limited liability company. Innovatus's members are all citizens of New York, Connecticut or Sweden.

11. Defendant Jonathan Neuman is an individual. On information and belief, Neuman is a citizen of Florida.

12. Defendant Antony Mitchell is an individual. On information and belief, Mitchell is a citizen of Florida.

13. Defendant Ritz Advisors, LLC is a Delaware limited liability company. On information and belief, all of its members are citizens of a state or states other than New York or Connecticut.

14. Defendant Greg Williams is an individual. On information and belief, Williams is a citizen of Florida.

15.     Defendant Daryl Clark is an individual.  On information and belief, Clark is a citizen of Florida.

16.     Defendant Amanda Zachman is an individual.  On information and belief, Zachman is a citizen of Florida.

## FACTUAL ALLEGATIONS

### A.  THE BUSINESS OPPORTUNITY

17.     Innovatus was founded in 2016 as an independent investment adviser and portfolio management firm.  Innovatus has approximately $1.6 billion in assets under management.  The firm is headquartered in New York, New York.

18.     Innovatus developed an innovative method and process related to real estate transactions (the Business Opportunity).  As far as Plaintiff is aware, this method and process is not currently in use anywhere in the United States, apart from the Defendants' improper efforts to exploit it in violation of the NDAs.

19.     The prospect of being, on information and belief, the first or one of the very first investment firms in the United States to utilize this particular method and process and exploit the Business Opportunity is extremely valuable.  The benefits to Innovatus are both reputational and financial.

20.     Innovatus determined that it would be advantageous to partner with a real estate brokerage firm in order to pursue the Business Opportunity.  In August 2017, Innovatus approached Defendants Neuman and Mitchell as potential partners for this purpose.

21.     Defendants Neuman and Mitchell operate a real estate brokerage business in South Florida under the name MV Realty.  Neuman and Mitchell operate MV Realty through Defendant Ritz and non-party MV Realty PBC, LLC, both of which they control.  Defendants Williams, Clark and Zachman are employees of MV Realty PBC, LLC.  Zachman is a licensed

broker for MV Realty, Williams is a licensed sales associate for MV Realty, and Clark is MV Realty's chief financial officer.

22. From approximately August 2017 until April 2018, Innovatus and Defendants — principally, Neuman and Mitchell — worked together to pursue the Business Opportunity, subject to the terms of the Non-Disclosure Agreements. Pursuant to the Term Sheet and the Non-Disclosure Agreements, the parties negotiated and drafted a detailed joint venture agreement in addition to several other documents necessary for the parties' joint pursuit of the Business Opportunity. As part of this collaborative process, Innovatus created and disclosed to Defendants numerous analyses and other information that was critical to the parties' pursuit of the Business Opportunity. All of this material was and is Confidential Information under the NDAs.

23. Among other things, Innovatus prepared and disclosed to Defendants a detailed business plan, tracking metrics and a financial model for implementation of the Business Opportunity. In addition, Innovatus was integral in the drafting and development of a complex form contract to be utilized in connection with the Business Opportunity, a form contract that was initially drafted by a law firm jointly retained by Plaintiff and Defendant Ritz for that purpose. These and other analyses and information disclosed by Plaintiff to Defendants are of great value to the parties in connection with the Business Opportunity and are Confidential Information.

## B. THE NON-DISCLOSURE AGREEMENTS

24. On August 24, 2017, immediately after making initial contact with Defendants Neuman and Mitchell, Innovatus entered into a Non-Disclosure Agreement with Defendants Neuman, Mitchell and Ritz, with Innovatus as the Disclosing Party and Neuman, Mitchell and

Ritz as the Receiving Parties.  Subsequently, Innovatus and non-party MV Realty PBC, LLC as Disclosing Parties entered into Non-Disclosure Agreements with each of Williams and Zachman as Receiving Parties on October 20, 2017.  An NDA with Clark as Receiving Party was signed on January 22, 2018, with Innovatus, Mitchell, Neuman and Ritz as the Disclosing Parties. While MV Realty PBC, LLC did not enter into an NDA as Receiving Party, Defendants Neuman and Mitchell, who did enter into NDAs as Receiving Parties, control MV Realty PBC, LLC, have shared Confidential Information with MV Realty PBC, LLC, and have directed MV Realty PBC, LLC to engage in activities in furtherance of the Business Opportunity, including entering into form agreements with customers.

25. Each NDA contains the following language (or nearly identical language that differed only in non-substantive respects) (the "**Non-Circumvention Provision**"):

> **Non-Circumvention.** In addition, in connection with the Business Opportunity, the Receiving Parties agree not to circumvent the Disclosing Party and shall not work with any business associates, affiliates, partners, representatives, investors. vendors, clients or other third party unless such approval is specifically granted in written form by the Disclosing Party on a case-by-case basis, which approval may be withheld in the Disclosing Party's sole discretion. The Receiving Parties further agree not to undertake any transaction or a series of transactions of any kind in connection with the Business Opportunity without the express prior written agreement of the Disclosing Party, which agreement may be withheld in the Disclosing Party's sole discretion. This non-circumvention provision shall expire at the end of three (3) years from the termination of this Agreement and this provision, and any other provisions necessary to enforce this provision, shall survive any such termination of this Agreement.

26. The Business Opportunity is defined in the NDAs.

27. Each NDA has a three-year term.  As such, the Non-Circumvention Provision has a term of six years.

28. The Non-Circumvention Provision could not be clearer.  The Defendants agreed that for a period of six years they would not circumvent Plaintiff, pursue the Business

Opportunity without Plaintiff or Plaintiff's consent, or undertake any transaction of any kind in connection with the Business Opportunity without Plaintiff's prior written agreement.

29.     The NDAs restricted Defendants' use of Confidential Information.  The NDA with Neuman, Mitchell and Ritz contains the following definition of Confidential Information (the "**Confidential Information Definition**"):

> **Confidential Information.** For purposes of this Agreement, "Confidential Information" means all nonpublic information disclosed by Disclosing Party including, but not limited to, all tangible, intangible, visual, electronic, present or future information such as but not limited to: (a) all intellectual property, including but not limited to patents and patent applications, and trade secrets; (b) financial information or personnel matters relating to products, employees, investors or business; (c) technical information, including research, procedures, processes, specifications, designs, development, data and know-how; (d) historical, current and prospective business information, including, operations, planning, marketing interests, products (including product formulations and test data), and client and distributor lists; (e) the terms of any agreement to which Disclosing Party is a party; (f) discussions, negotiations or proposals related to agreements; and (g) any other item, including but not limited to all writings, illustrations, photographs or other information which Disclosing Party deems to be proprietary or confidential. All Confidential Information shall be subject to the terms of this Agreement whether marked as "Confidential" or not and whether disclosed orally, electronically, in writing or other media.

30.     The NDAs with Williams and Zachman as Receiving Party contain the following substantively similar definition of Confidential Information:

> **Confidential Information.** For purposes of this Agreement, "Confidential Information" means all nonpublic information disclosed by the Disclosing Parties including, but not limited to, all tangible, intangible, visual, electronic, historical, present or future information such as, but not limited to: (a) information relating to the Disclosing Parties, their affiliates, and the Disclosing Parties' and their affiliates respective businesses, operations, properties and assets; (b) information relating to a Business Opportunity including, without limitation, the identity and nature of the opportunity, all information relating to the operations, properties and assets of such Business Opportunity, any business plans, strategies and prospects relating to any Business Opportunity and, in each of the foregoing cases, any information relating to (i) any affiliate, stockholder, investor, principal, member, equity owner, manager, officer, director and employee, as applicable, (ii) any past, potential or existing client, counterparty, customer, broker, agent, distributor, financing source,

8

vendor, supplier, agent, representative or business associate, as applicable, (iii) all intellectual property, including but not limited to patents and patent applications, and trade secrets; (iv) technical information, including research, procedures, processes, specifications, designs, development, data and know-how, (v) the terms of any agreement to which any of the Disclosing Parties is a party, (vi) discussions, negotiations or proposals related to such agreements, (vii) the fact that Confidential Information has been disclosed to you, and (viii) any other item, including but not limited to all writings, illustrations, photographs or other information which the Disclosing Parties deem to be proprietary or confidential. All Confidential Information shall be subject to the terms of this Agreement whether marked as "Confidential" or not and Whether disclosed orally, electronically, in writing or other media. You acknowledge and agree that the Receiving Party's entry into this Agreement is not a condition of the Receiving Party's employment with MV and that such, decision to enter into this Agreement is made by the Receiving Party in his or her sole discretion. The Receiving Party also acknowledges that he or she has had the opportunity to consult with an attorney prior to entering into this Agreement.

31. The NDA with Clark as Receiving Party contains a definition of Confidential Information that is substantively identical to the definition in the NDAs with Williams and Zachman.

32. Plaintiffs provided substantial Confidential Information to Defendants in the course of their joint pursuit of the Business Opportunity.

33. The NDAs prohibited Defendants' use of Confidential Information.  The NDA with Neuman, Mitchell and Ritz as Receiving Parties contains the following provision (the "**Confidential Information Obligations Provision**", and together with the **Confidential Information Definition**, the "Confidentiality Provisions"):

> **Obligations Regarding Confidential Information.** The Receiving Parties (a) shall restrict disclosure of Confidential Information solely to their employees on a need to know basis provided such employees have executed confidentiality agreements reasonably satisfactory to the Company prior to any such disclosure, (b) shall protect the Confidential Information with at least the same degree of care and confidentiality as they afford their own confidential information, at all times exercising at least a commercially reasonable degree of care in such protection, and (c) shall not use any Confidential Information in any manner except in furtherance of Receiving Parties' business relationship with Disclosing Party, or as otherwise agreed by the Disclosing Party in writing. Notwithstanding the foregoing, the

>Receiving Parties may disclose Confidential Information pursuant to an order of a court or governmental agency as so required by such order, provided that the Receiving Parties shall first notify the Disclosing Party of such order and afford the Disclosing Party the opportunity to seek a protective order relating to such disclosure. The Receiving Parties agree to notify the Disclosing Party immediately if any Receiving Party learns of any use or disclosure of any Disclosing Party Confidential Information in violation of the terms of this Agreement.

34. Pursuant to subsection (c) of this Confidential Information Obligation Provision, in pursuing the Business Opportunity, Neuman, Mitchell and Ritz are prohibited from using any of Plaintiff's Confidential Information without Plaintiff's consent.

35. The NDAs with Williams and Zachman as the Receiving Party contain the following Confidential Information Obligations Provision:

>**Obligations Regarding Confidential Information.** The Receiving Party recognizes and acknowledges the competitive value and confidential nature of the Confidential Information and the damage that could result to the Disclosing Parties if any information contained therein is disclosed to a third party except as otherwise expressly provided herein. The Receiving Party (a) shall protect the Confidential Information with at least the same degree of care and confidentiality as it affords its own confidential information, at all times exercising at least a commercially reasonable degree of care in such protection, and (b) shall not use any Confidential Information in any manner except for the purpose of evaluating the Business Opportunity solely to the extent involving the Disclosing Parties and for no other purpose, and the Receiving Party shall not use the Confidential Information in any way detrimental to the Disclosing Parties.

36. The NDA with Clark contains a Confidential Information Obligations Provision that is substantively identical to the provision in the NDAs with Williams and Zachman.

37. Pursuant to subsection (b) of this Confidential Information Obligations Provision, Williams, Clark and Zachman are prohibited from using any of Plaintiff's Confidential Information except to evaluate the Business Opportunity "solely to the extent involving the Disclosing Parties and for no other purpose". Subsection (b) also provides that Williams, Clark and Zachman shall not use the Plaintiff's Confidential Information "in any way detrimental to the Disclosing Parties."

10

38. Each of the NDAs remains in effect. The NDA between Innovatus and Neuman, Mitchell and Ritz has an Effective Date of August 24, 2017. Williams's and Zachman's NDAs have an Effective Date of October 20, 2017. Clark's NDA has an Effective Date of January 22, 2018. Each NDA terminates automatically three years after the agreement's Effective Date (the "**Termination Date**"). The NDAs do not provide for any means of terminating the NDA prior to the Termination Date except by amending the NDA in a writing signed by all parties thereto. No NDA has been amended. Consequently, none of the NDAs has terminated. Moreover, the Non-Circumvention Provision in each NDA remains binding until three years after the termination of the NDA. Thus, all NDAs' Non-Circumvention Provisions will remain in effect until at least 2023.

**C. ANTICIPATORY REPUDIATION AND BREACH BY DEFENDANTS**

39. From late August 2017 to April 2018, Innovatus undertook substantial efforts to develop the Business Opportunity in collaboration with Defendants and, concurrently, negotiated with Defendants Neuman and Mitchell in good faith on a definitive joint venture agreement in connection with the Business Opportunity. Then, unexpectedly and without cause, Defendants unilaterally put an end to these joint efforts.

40. In an April 30, 2018 telephone call between David Schiff (Founding Partner of Innovatus) and Defendants Neuman and Mitchell, Mitchell told Schiff in substance that the parties' negotiations over the joint venture agreement were over and that he and Neuman planned to pursue and take full advantage of the Business Opportunity without restriction and without Plaintiff's consent or participation. On the call, Neuman verbalized his concurrence with Mitchell's statements. In response, Schiff explicitly stated that Mitchell and Neuman were not authorized to utilize the Business Opportunity.

41. Subsequent to the April 30, 2018 telephone conversation, Defendants have taken steps to continue to pursue the Business Opportunity, now without Plaintiff's participation or consent. For example, on or about May 7, 2018, without notifying Plaintiff or obtaining its consent, Neuman contacted an attorney who had jointly represented Plaintiff and Defendants — but had withdrawn from the representation subsequent to Defendants' April 30 repudiation — seeking information relevant to the Business Opportunity, for the obvious purpose of pursuing the Business Opportunity independently of Plaintiff.

42. Mitchell's and Neuman's statements on the April 30, 2018 telephone call constitute an anticipatory repudiation of the NDAs by Mitchell and Neuman. All Defendants' apparent pursuit of the Business Opportunity without Plaintiff's consent constitutes a breach of the Non-Circumvention Provision. Neuman's call to the parties' former attorney is evidence that Defendants are currently taking steps, including steps as yet unknown, to pursue the Business Opportunity without Plaintiff's consent, just as Mitchell and Neuman informed Plaintiff they intended to. Moreover, on May 11, 2018, just as Plaintiff was preparing to file this Complaint, an employee of Innovatus received a copy of an email from an employee of MV Realty to an associate of Mitchell advising that MV Realty would be executing a form contract with a customer this afternoon, in unilateral pursuit of the Business Opportunity without Plaintiff's participation or consent.

43. On information and belief, Defendants are using Plaintiff's Confidential Information in pursuing the Business Opportunity without Plaintiff's consent, in breach of the Confidentiality Provisions of the NDAs.

**D.  AN INJUNCTION IS WARRANTED**

44. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants and those acting on their behalf or in concert with them — including their other vehicle, MV Realty PBC, LLC — from directly or indirectly pursuing or taking advantage of the Business Opportunity.

45. A monetary judgment will not adequately compensate Plaintiff if Defendants take advantage of the Business Opportunity without Plaintiff's consent.  Among other things, Plaintiffs would lose the unique reputational and financial benefits of being (on information and belief) the first, or one of the very first, investment firms in the United States to utilize the Business Opportunity.  Plaintiff undertook significant steps to protect and preserve this opportunity, including requiring Defendants to enter into the NDAs.

46. Defendants must not be permitted to pursue the Business Opportunity without Plaintiff's consent and abscond with valuable Confidential Information generated by Plaintiff, in breach of the NDAs.  Defendants obtained this information only by agreeing to work cooperatively with Plaintiff.  Defendants should not be permitted to purloin the benefits of Plaintiff's efforts for themselves.

**Count One**

**Anticipatory Repudiation by Neuman and Mitchell**

47. Plaintiff realleges the foregoing allegations as if set forth fully herein.

48. Binding NDAs exist between Plaintiff and all Defendants.

49. Plaintiff has performed all of its obligations under the NDAs.

50. Defendant Mitchell, on behalf of himself and Defendant Neuman, in the April 30, 2018 call with David Schiff, stated their intent to take advantage of the Business Opportunity without Plaintiff's consent.

51. Defendants' intended actions breach the Non-Circumvention Provision of the NDAs.

52. Mitchell's statements on the April 30, 2018 call, made on behalf of himself and Neuman, constitute an anticipatory repudiation of the NDAs' Non-Circumvention Provision.

53. Mitchell and Neuman's anticipatory repudiation of the NDAs threatens Plaintiff with irreparable harm.

54. In Paragraph VIII of the NDA that Neuman, Mitchell and Ritz Advisors signed, these Defendants agreed to the entry of injunctive relief for the misuse of Confidential Information without proof of irreparable injury, and without bond or other security:

> VIII. The parties acknowledge that monetary damages may not be sufficient for unauthorized disclosure by the Receiving Parties of Confidential Information, and that the Disclosing Party shall be entitled, without waiving any other rights or remedies, to seek injunctive or equitable relief as may be deemed proper by a court of proper jurisdiction, without further proof of irreparable harm or the necessity of posting a bond or other undertaking.

55. Each of the NDAs signed by Defendants Williams, Clark and Zachman contains a substantially identical provision.

56. Defendants' pursuit of the Business Opportunity and use, reliance on and/or disclosure of Confidential Information in breach of the Non-Circumvention Provision and Confidential Information Obligations Provisions of the NDAs will cause Plaintiff to suffer irreparable harm.

57. By reason of the foregoing, Plaintiff is entitled to injunctive relief.

58. By reason of the foregoing, Plaintiff has been damaged and is also entitled to judgment against Defendants for damages in an amount to be determined at trial.

## Count Two

### Breach of Contract by All Defendants

59. Plaintiff realleges the foregoing allegations as if set forth fully herein.

60. Binding NDAs exist between Plaintiff and all Defendants.

61. Plaintiff has performed all of its obligations under the NDAs.

62. On information and belief, Defendants have undertaken to pursue the Business Opportunity without Plaintiff's consent, and are using, relying on and/or disclosing Confidential Information in doing so.

63. Defendants have thereby breached the Non-Circumvention Provision and the Confidential Information Obligations Provision of their NDAs.

64. Defendants' breaches will cause Plaintiff to suffer irreparable harm.

65. By reason of the foregoing, Plaintiff is entitled to injunctive relief.

66. By reason of the foregoing, Plaintiff has been damaged and is also entitled to judgment against Defendants for damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. Awarding Plaintiff a preliminary injunction against Defendants, their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with any Defendant (the "**Enjoined Persons**"), prohibiting the Enjoined Persons from directly or indirectly pursuing or taking advantage of the Business Opportunity or using, relying on, and/or disclosing Confidential Information without the consent of Plaintiff during the pendency of this Action, or causing or allowing any other person to do so;

2. Awarding Plaintiff a permanent injunction against the Enjoined Persons, prohibiting the Enjoined Persons from directly or indirectly pursuing or taking advantage of the Business

Opportunity or using, relying on or disclosing Confidential Information without the consent of Plaintiff, or causing or allowing any other person to do so;

3. Compensatory damages for breach of contract in an amount to be determined at trial, plus prejudgment interest; and

4. Awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: May 11, 2018

Respectfully Submitted,

**JOSEPH HAGE AARONSON LLC**

By: _____
Gregory P. Joseph (gjoseph@jha.com)
Peter R. Jerdee (pjerdee@jha.com)
Samuel N. Fraidin (sfraidin@jha.com)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Tel.: (212) 407-1200

*Attorneys for Plaintiff Innovatus Capital Partners, LLC*

796586