**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INNOVATUS CAPITAL PARTNERS, LLC,

Plaintiff,

v.

JONATHAN NEUMAN, ANTONY MITCHELL,
RITZ ADVISORS, LLC, GREG WILLIAMS,
DARYL CLARK, AND AMANDA ZACHMAN,

Defendants.

Civil Action No.  1:18-CV-04252-LLS

**AMENDED ANSWER
AND
COUNTERCLAIMS**

## ANSWER

Defendants Jonathan Neuman, Anthony Mitchell, Ritz Advisors LLC, Greg Williams, Daryl Clark, and Amanda Zachman (together, "Defendants"),[1] by and through their undersigned attorneys, hereby file their Amended Answer and Counterclaims to the Complaint of Innovatus Capital Partners, LLC ("Innovatus"), as follows:

## NATURE OF THE ACTION

1.      Defendants admit that Plaintiff's Complaint purports to seek the described preliminary and permanent injunctive relief, but deny that it is entitled to any relief in this matter. Defendants admit that Plaintiff disclosed a business opportunity to Defendants Neuman, Mitchell, and Ritz, and admit that that business opportunity was disclosed after Defendants Neuman, Mitchell, and Ritz signed a Non-Disclosure Agreement ("NDA") and incorporated Term Sheet.  Defendants deny that the business opportunity was disclosed to each Defendant

---

[1] Plaintiff's Complaint relies on group pleading, and often refers to actions taken collectively by "Defendants." Because such group pleading is not appropriate in the context of the facts of this case, where Plaintiff's Complaint uses the collective term "Defendants," Defendants instead identify the specific Defendants that may fairly admit or deny such allegation.

after each Defendant signed an NDA, and deny that Paragraph 1 accurately describes Defendants' obligations under their respective NDAs.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's purpose in disclosing the business opportunity, and on that basis deny such allegations.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 1.

2. Defendants deny that the "Business Opportunity" is an innovative method and process related to real estate transactions created by Plaintiff.  Defendants admit that Defendants Neuman and Mitchell were approached by David Schiff of Innovatus, who was aware that Neuman and Mitchell had extensive experience originating and securitizing asset classes that had not previously been securitized, as potential partners to help pursue a business opportunity. Defendants admit that, among many other business activities, Neuman indirectly owned a non-controlling interest in a real estate brokerage business.  Defendants Neuman and Mitchell admit that Plaintiff told them that the potential business opportunity was confidential, and that Defendants Neuman, Mitchell and Ritz entered into an NDA and incorporated Term Sheet with Plaintiff.  Defendants Clark, Williams, and Zachman deny that they entered into NDAs exclusively with Plaintiff.  Defendants deny that Paragraph 2 accurately describes Defendants' obligations under their respective NDAs, including because it calls for a legal conclusion. Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that, beginning in August 2017, Plaintiff and Defendants Neuman, Mitchell, and Ritz entered in an NDA and incorporated Term Sheet, and that Plaintiff and Defendants Neuman and Mitchell began to engage in joint actions to explore the Business

Opportunity.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 3.

4.      Defendants admit that, on May 11, 2018, as had happened dozens of times before, Plaintiff was copied on an email showing that non-party MV Realty had entered into a "real estate related forward contract" with a customer, but deny that this agreement was entered into unilaterally or without Plaintiff's participation or consent.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 4, including on the basis that it calls for a legal conclusion.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants admit that Plaintiff's Complaint purports to seek preliminary and permanent injunctive relief, but deny that Plaintiff is entitled to any relief in this matter.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 7, including on the basis that it calls for a legal conclusion.

## JURISDICTION AND VENUE

8.      Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of the allegations related to Plaintiff's citizenship.  Defendants admit that no Defendant has citizenship in New York or Connecticut, or is an alien.  Defendants deny the remaining allegations of Paragraph 8, including on the basis that it calls for a legal conclusion.

9.      Defendants admit that venue is appropriate in the Southern District of New York.

## THE PARTIES

10.      Defendants admit that Plaintiff is a Delaware limited liability company, but they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 10.

11.     Defendants admit that Jonathan Neuman is an individual who is a citizen of Florida.

12.     Defendants admit that Anthony Mitchell is an individual who is a citizen of Florida.

13.     Defendants admit that Ritz Advisors, LLC is a Delaware limited liability company, and that its sole member is a citizen of Florida.

14.     Defendants admit that Greg Williams is an individual who is a citizen of Florida.

15.     Defendants admit that Daryl Clark is an individual who is a citizen of Florida.

16.     Defendants admit that Amanda Zachman is an individual who is a citizen of Florida.

## **FACTUAL ALLEGATIONS**

17.     Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17.

18.     Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of allegations regarding Plaintiff's awareness.  Defendants deny the remaining allegations of Paragraph 18.

19.     Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of allegations regarding how Plaintiff values the Business Opportunity, or the benefits Plaintiff would purportedly derive from pursuing it.  Defendants deny the remaining allegations of Paragraph 19.

20.     Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of what Innovatus determined.  Defendants admit that in August 2017, Innovatus disclosed the Business Opportunity to Defendants Neuman and Mitchell.  Defendants deny the remaining allegations of Paragraph 20.

21.    Defendants admit that Defendant Neuman indirectly owns a non-controlling interest in MV Realty PBC, LLC, a residential real estate brokerage business in South Florida that represents homeowners in connection with the purchase and sale of residential real estate. Defendants deny that Neuman and Mitchell "operate" MV Realty PBC, LLC, and deny that there is any distinction between "MV Realty" and MV Realty PBC, LLC.[2]  Defendants admit that Defendant Neuman controls Defendant Ritz.  Defendants deny that Defendant Ritz has any role in operating MV Realty.  Defendants admit that Defendants Williams, Clark and Zachman are employees of MV Realty, that Zachman is a licensed broker for MV Realty, that Williams is a licensed sales associate for MV Realty, and that Clark provides Chief Financial Officer services to MV Realty.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 21.

22.    Defendants admit that, beginning in August 2017, Plaintiff and Defendants Neuman and Mitchell worked together to evaluate and pursue the Business Opportunity. Defendants admit that Plaintiff and Defendants Neuman and Mitchell engaged in negotiation of a detailed joint venture and related agreements for jointly pursuing, among other things, the Business Opportunity.  Defendants admit that, with substantial input from Defendants, Plaintiff was involved in creating analyses and other information related to, among other things, the Business Opportunity.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 22.

23.    Defendants admit that, with substantial input from Defendants, Plaintiff was involved in creating analyses and other information related to, among other things, the Business Opportunity, including a business plan, tracking metrics, and a financial model.  Defendants

---

[2] Hereinafter, any reference to "MV Realty" refers to "MV Realty PBC, LLC," and vice versa.

admit that, with the assistance of a law firm retained by the parties, the parties jointly prepared a form contract to be utilized in connection with the Business Opportunity.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 23.

24.     Defendants admit that, on August 24, 2017, Plaintiff entered into an NDA and incorporated Term Sheet with Defendants Neuman, Mitchell and Ritz, with Innovatus as the Disclosing Party and Neuman, Mitchell and Ritz as the Receiving Parties.  Defendants admit that Innovatus and non-party MV Realty as Disclosing Parties entered into NDAs with each of Williams and Zachman as Receiving Parties, but deny that the Agreements were entered into on October 20, 2017.  Defendants admit that an NDA with Clark as Receiving Party was dated on January 22, 2018, with Innovatus, Mitchell, Neuman, and Ritz as the Disclosing Parties. Defendants admit that MV Realty was asked to but did not enter into an NDA as a Receiving Party.  Defendants deny that Neuman and/or Mitchell "control" MV Realty, deny that Neuman and/or Mitchell shared Confidential Information with MV Realty independent of, or without the consent of, Plaintiff, and deny that they "directed" MV Realty to engage in any activities independent of, or without the consent of, Plaintiff.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 24.

25.     Defendants admit that the language appearing in Paragraph 25 appears in the NDA signed by Defendants Neuman, Mitchell, and Ritz.  Defendants admit that the NDAs entered by Defendants Williams, Clark, and Zachman also include their own non-circumvention provisions.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 25, including because the term "non-substantive respects" is vague and ambiguous.

26.     Defendants admit that "Business Opportunity" is a defined term in each of the NDAs signed by the respective Defendants.

27.     Defendants admit that each NDA has a three-year term.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 27, including on the basis that it calls for a legal conclusion.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint, including on the basis that it calls for a legal conclusion.

29.     Defendants admit that the quoted language in Paragraph 29 appears in the NDA signed by Defendants Neuman, Mitchell and Ritz.  Defendants admit that the respective NDAs that each Defendant signed contain a provision restricting the use of Confidential Information, as the term is defined in the NDAs.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 29.

30.     Defendants admit that the quoted language in Paragraph 30 appears in the NDAs signed by Defendants Williams and Zachman.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 30.

31.     Defendants admit that the NDA signed by Defendant Clark contains a provision restricting the use of Confidential Information.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 31.

32.     Defendants deny the allegations of Paragraph 32.

33.     Defendants admit that the NDA signed by Defendants Neuman, Mitchell and Ritz contains the language quoted in Paragraph 33.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 33, including on the basis that it calls for a legal conclusion.

34.     Defendants deny the allegations of Paragraph 34, including on the basis that it calls for a legal conclusion.

35.     Defendants admit that the NDAs signed by Defendants Williams and Zachman contains the language quoted in Paragraph 35.

36.     Defendants admit that the NDA signed by Defendant Clark contains a provision restricting the use of Confidential Information.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 36.

37.     Defendants admit that the NDAs signed by Defendants Williams and Zachman contain language restricting the use of Confidential Information.  Defendants deny the remaining allegations of Paragraph 37, including on the basis that it calls for a legal conclusion.

38.     Defendants admit that the NDA between Innovatus, Neuman, Mitchell, and Ritz has an Effective Date of August 24, 2017.  Defendants admit that the NDAs between Innovatus, MV Realty, and Zachman, and between Innovatus, MV Realty, and Williams have Effective Dates of October 20, 2017.  Defendants admit that the NDA involving Clark has an Effective Date of January 22, 2018.  Defendants admit that each NDA has a three-year term.  Defendants deny the remaining allegations of Paragraph 38, including on the basis that it calls for a legal conclusion.

39.     Defendants admit that, beginning in August 2017, Plaintiff and Defendants Neuman and Mitchell worked together to explore the Business Opportunity.  Defendants admit that Plaintiff and Defendants Neuman and Mitchell engaged in negotiation of a detailed joint venture and related agreements for jointly pursuing, among other things, the Business Opportunity.  Defendants deny that Defendants "unilaterally put an end to these joint efforts."

Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 39.

42. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants admit that on May 11, 2018, Plaintiff was copied on an email showing that MV Realty had entered into a "real estate related forward contract" with a customer, but deny that this agreement was entered into unilaterally or without Plaintiff's participation or consent. Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 42, including on the basis that it calls for a legal conclusion.

43. Defendants deny the allegations of Paragraph 43, including on the basis that it calls for a legal conclusion.

44. Defendants deny the allegations of Paragraph 44, including on the basis that it calls for a legal conclusion.

45. Defendants deny the allegations of Paragraph 45, including on the basis that it calls for a legal conclusion.

46. Defendants deny the allegations of Paragraph 46, including on the basis that it calls for a legal conclusion.

<u>**COUNT ONE**</u>

47. Insofar as a response is required, Defendants deny the allegations of Paragraph

48. Defendants admit that Plaintiff and each of the Defendants are parties to NDAs, but deny that they are the only parties to each and every NDA. Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 48, including on the basis that it calls for a legal conclusion.

49.     Defendants deny the allegations of Paragraph 49, including on the basis that it calls for a legal conclusion.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51, including on the basis that it calls for a legal conclusion.

52.     Defendants deny the allegations of Paragraph 52, including on the basis that it calls for a legal conclusion.

53.     Defendants deny the allegations of Paragraph 53, including on the basis that it calls for a legal conclusion.

54.     Defendants admit that the NDA signed by Defendants Neuman, Mitchell, and Ritz contains the language quoted in Paragraph 54, which refers and relates solely to the use of Confidential Information.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55, including because the term "substantially identical" is ambiguous.

56.     Defendants deny the allegations of Paragraph 56, including on the basis that it calls for a legal conclusion.

57.     Defendants deny the allegations of Paragraph 57, including on the basis that it calls for a legal conclusion.

58.     Defendants deny the allegations of Paragraph 58, including on the basis that it calls for a legal conclusion.

## **COUNT TWO**

59.     Insofar as a response is required, Defendants deny the allegations of Paragraph 59.

60.    Defendants admit that Plaintiff and each of the Defendants are parties to NDAs, but deny that they are the only parties to each and every NDA.  Except insofar as specifically admitted herein, Defendants deny the remaining allegations of Paragraph 60, including on the basis that it calls for a legal conclusion.

61.    Defendants deny the allegations of Paragraph 61, including on the basis that it calls for a legal conclusion.

62.    Defendants deny the allegations of Paragraph 62, including on the basis that it calls for a legal conclusion.

63.    Defendants deny the allegations of Paragraph 63, including on the basis that it calls for a legal conclusion.

64.    Defendants deny the allegations of Paragraph 64, including on the basis that it calls for a legal conclusion.

65.    Defendants deny the allegations of Paragraph 65, including on the basis that it calls for a legal conclusion.

66.    Defendants deny the allegations of Paragraph 66, including on the basis that it calls for a legal conclusion.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial in this matter.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that Defendants would not otherwise have, Defendants affirmatively assert the following defenses:

### First Affirmative Defense

The claims in the Complaint for damages are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

### Second Affirmative Defense

The claims in the Complaint are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

The claims in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

The claims in the Complaint for damages are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Sixth Affirmative Defense

The claims in the Complaint for damages are barred, in whole or in part, by the doctrine of consent and/or ratification.

### Seventh Affirmative Defense

Plaintiff is not entitled to equitable relief because there exists an adequate remedy at law.

### Eighth Affirmative Defense

Plaintiffs are not entitled to equitable relief under the doctrine of unclean hands.

### Ninth Affirmative Defense

The claims in the Complaint are barred, in whole or in part, by Plaintiff's failure to join necessary parties.

**Tenth Affirmative Defense**

The claims in the Complaint are barred by the doctrine of mutual mistake of fact.

**Eleventh Affirmative Defense**

The claims in this Complaint are barred by the doctrine of unconscionability.

**Twelfth Affirmative Defense**

The claims in this Complaint are barred by the excuse of impossibility.

**Thirteenth Affirmative Defense**

The claims in the Complaint are barred by the doctrine of judicial estoppel.

**Fourteenth Affirmative Defense**

The claims in the Complaint are barred by the doctrine of promissory estoppel.

**Fifteenth Affirmative Defense**

The claims in this Complaint are barred based on Plaintiff's breach of the duty of good faith and fair dealing.

**Sixteenth Affirmative Defense**

Plaintiff has not suffered any injury to a legally protected or cognizable interest by reason of the conduct of the Defendants as alleged in the Complaint.

**Seventeenth Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, because Plaintiffs have not suffered any actual damages as a result of the matters alleged in the Complaint.

**Eighteenth Affirmative Defense**

The claims in the Complaint for damages are barred, in whole or in part, because the alleged damages are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

WHEREFORE, Defendants pray as follows:

1.      That Plaintiff take nothing by reason of its Complaint, and that judgment be rendered in favor of Defendants;

2.      That Defendants be awarded their costs of suit incurred in defense of this action; and

3.      For such other relief as the Court deems proper.

## COUNTERCLAIM

The Defendants in the above action (here, the "Counter-Plaintiffs") assert the following counterclaim against the Plaintiff in the above action (here, the "Counter-Defendant").

Counter-Defendant Innovatus has filed the above action alleging breach of contract and seeking to enforce Non-Disclosure Agreements ("NDAs") entered into between Innovatus and the Counter-Plaintiffs.  In that action, Innovatus seeks an injunction to prevent the Counter-Plaintiffs from disclosing "valuable Confidential Information generated by Plaintiff, in breach of the NDAs." *See* Innovatus Compl. ¶ 46; *see also id.* Prayer for Relief (seeking to enjoin Counter-Plaintiffs from "disclosing Confidential Information").  Innovatus has repeatedly refused, however, to identify the allegedly "Confidential Information."  Counter-Plaintiffs therefore seek a declaration that, according to the clear and unambiguous terms of the NDAs that Innovatus itself drafted, "Confidential Information" does not include information that was in the public domain prior to August 24, 2017, the date of the first NDA.

## PARTIES

1.      Counter-Plaintiff Jonathan Neuman is an individual and a citizen of Florida.

2.      Counter-Plaintiff Anthony Mitchell is an individual and a citizen of Florida.

3.      Counter-Plaintiff Ritz Advisors, LLC is a Delaware limited liability company whose sole member is a citizen of Florida.

4.      Counter-Plaintiff Greg Williams is an individual and a citizen of Florida.

5.      Counter-Plaintiff Daryl Clark is an individual and a citizen of Florida.

6.      Counter-Plaintiff Amanda Zachman is an individual and a citizen of Florida.

7.      Counter-Defendant Innovatus is a Delaware limited liability company whose members, on information and belief, are citizens of New York, Connecticut, or Sweden.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332.  Counter-Plaintiffs are citizens of Florida.  On information and belief, Counter-Defendant is a citizen of New York, Connecticut, and Sweden.  The amount in controversy exceeds $75,000.

9.      Venue is appropriate in the Southern District of New York under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c)(2).  Innovatus resides within the Southern District of New York.

## FACTUAL ALLEGATIONS

**A.**     **Innovatus Approaches Neuman and Mitchell About a Confidential "Business Opportunity"**

10.     Innovatus is a New York investment firm which, on information and belief, maintains over $1.6 billion assets under management.

11.     Neuman and Mitchell are longtime business associates with extensive experience originating and securitizing asset classes that had not previously been securitized.

12.     David Schiff of Innovatus has collaborated on various business matters with Neuman and Mitchell in the past, none of which involved real estate.

13.     On or about August 23, 2017, Neuman participated in a call with Schiff that had been scheduled to discuss business matters unrelated to this case.  Those business matters had nothing to do with real estate.

14.     During the call, Schiff told Neuman that Innovatus wished to discuss another potential collaboration with Neuman and Mitchell involving an unidentified business opportunity.  At the time, Schiff was aware that Neuman and Mitchell had extensive experience originating and securitizing asset classes that had not previously been securitized.

15.     During the call, Innovatus did not make any disclosure regarding the nature of the unidentified business opportunity, because Innovatus represented that the potential business opportunity was confidential and not available in the public domain.  Innovatus indicated that in order to maintain the confidentiality of the potential business opportunity, Innovatus would disclose the business opportunity only pursuant to a Non-Disclosure Agreement.

**B.     The Non-Disclosure Agreement and Term Sheet Prepared by Innovatus**

16.     On or about August 24, 2017, Innovatus sent Neuman and Mitchell a Non-Disclosure Agreement ("NDA") and Term Sheet for execution by Neuman and Mitchell in their individual capacities, as well as by Neuman on behalf of Ritz Advisors, LLC ("Ritz"), an entity owned and operated by Neuman.

17.     Ritz is an entity used by Neuman in connection with other business activities, including with respect to financing transactions related to securitization of assets.  Ritz is not a real estate brokerage and does not represent homeowners in connection with the purchase and sale of residential real estate.

18.     Without any knowledge of the "confidential" business opportunity Innovatus intended to disclose, Neuman, Mitchell, and Ritz simultaneously executed the NDA and Term Sheet on August 24, 2017.  A true and correct copy of the NDA and concurrently-executed Term Sheet is attached hereto as Exhibit 1.

19.     Consistent with Innovatus's representation to Neuman that the potential business opportunity was confidential, the NDA (which was titled simply as a "NON-DISCLOSURE

AGREEMENT") stated: "[T]he parties wish to explore a possible business opportunity related to the purchase, and subsequent securitization, of real estate related forward contracts (the 'Business Opportunity'), *which will involve the disclosure of Confidential Information* (as defined below) by the Disclosing Party [Innovatus] or its representatives to the Receiving Parties [Neuman, Mitchell, and Ritz]."  Ex. 1, at 1 (emphasis added).

20.     Section 1 of the NDA defined Confidential Information as "all nonpublic information disclosed by" Innovatus to Neuman, Mitchell, and Ritz.  *Id* at 1.  Section 2 of the NDA expressly excluded from Confidential Information any information that "is or has become generally available in the public." *Id*.

21.     Thus, under the clear and unambiguous terms of the NDA drafted by Innovatus, information that was in the public domain prior to execution of the NDA, on August 24, 2017, is not Confidential Information.

22.     The Term Sheet, which was sent to Neuman, Mitchell and Ritz along with the NDA, stated that, if the parties decided to proceed with a transaction, the Term Sheet was "intended to form the basis of the agreement between the parties .  .  .  related to the Business Opportunity (as further defined in that certain Non-Disclosure Agreement entered into among the Parties on the date hereof (the 'NDA'))."  *Id.* at 5.

23.     In turn, the NDA defined the "Business Opportunity" as involving "the purchase, and subsequent securitization, of real estate related forward contracts (the 'Business Opportunity'), which will involve the disclosure of Confidential Information." *Id.* at 1.  Thus, using mandatory language, the NDA defined the "Business Opportunity" as requiring the combination of two distinct subparts: (1) the "purchase . . . of real estate related forward contracts," and (2) the "subsequent securitization" of those contracts.

24.     The Term Sheet identified the parties' roles with respect to the two subparts of the "Business Opportunity." With respect to the first subpart, the Term Sheet stated that Ritz or another designee of Neuman and Mitchell "shall be the exclusive real estate brokerage firm utilized in connection with the Business Opportunity." *Id.* at 5.  With respect to the second subpart, the Term Sheet stated that an affiliate or designee of Innovatus "shall be the exclusive distributor of the securities issued in connection with the securitization of the contracts contemplated by the Business Opportunity." *Id.*

## C.     Innovatus Discloses the Confidential "Business Opportunity" to Neuman and Mitchell

25.     On August 24, 2017, following execution of the NDA and Term Sheet, Innovatus disclosed to Neuman and Mitchell the "Business Opportunity," which it again indicated was confidential and not available in the public domain.

26.     Consistent with the NDA, the "Business Opportunity" disclosed by Innovatus involved "the purchase, and subsequent securitization, of real estate related forward contracts (the 'Business Opportunity'), which will involve the disclosure of Confidential Information (as defined below) by the Disclosing Party [Innovatus] or its representatives to the Receiving Parties [Neuman, Mitchell, and Ritz]."  Ex. 1, at 1.

27.     Innovatus indicated its belief that this "Business Opportunity" had significant value because (1) the market for the securitization of assets was booming, and (2) no investment firm had ever securitized this type of asset before.  Innovatus wanted to be the first investment firm to do so.

28.     Notably, at the time that Innovatus approached Neuman and Mitchell, Innovatus was aware that Neuman and Mitchell had extensive experience originating and securitizing asset classes that had not previously been securitized.

29.     David Schiff of Innovatus told Neuman and Mitchell that he had first come up with the concept of the "Business Opportunity" in 2007, but that he had tried and failed to find a viable means of "purchasing… real estate related forward contracts."

**D.     Innovatus, Neuman and Mitchell Learn of Third Party Patents That Pre-Date the August 24, 2017 Non-Disclosure Agreement**

30.     In or about November 2017, Innovatus, Neuman and Mitchell learned of several patents that had been issued to third parties as far back as October 21, 2008.

31.     In particular, the parties learned of U.S.  Patent No. 7,440,926 B2 (the "Harrington Patent").  A true and correct copy of the Harrington Patent is attached hereto as Exhibit 2.

32.     Innovatus told Neuman and Mitchell that it had not been aware of the existence of the Harrington Patent at the time of the August 24, 2017 NDA.  On information and belief, Innovatus was not aware of the existence of the Harrington Patent at the time of the August 24, 2017 NDA.

33.     Among other things, the Harrington Patent disclosed "one possible embodiment of the present invention, which allows a homeowner (i.e., consumer) to receive an upfront payment in return for the homeowner (i.e., consumer) agreeing to use the services of a real estate broker (i.e., holder) or brokerage firm, or giving that broker a first right of refusal to list the property." Ex. 2, column 6.  The Harrington Patent further disclosed that a homeowner could be offered "the opportunity to enter into an 'option listing contract' or 'opt-contract' concerning any future offering of the homeowner's house for sale, i.e., a contract for the future right for the broker to list the house." *Id.*

34.     The disclosures in the Harrington Patent have been in the public domain since at least 2008 and do not constitute "Confidential Information" under the NDA executed by

Neuman, Mitchell and Ritz on August 24, 2017.  First, Section 1 of the NDA limits the definition of Confidential Information to "nonpublic information disclosed by" Innovatus to Neuman, Mitchell and Ritz.  Second, Section 2 of the NDA expressly excludes from Confidential Information any information that "is or has become generally available in the public."

E.   **Execution of NDAs by Zachman, Williams, and Clark**

35.   On or about November 13, 2017, Innovatus indicated to Neuman that agents working for MV Realty should be asked to execute NDAs "related to the initiative [i.e., the 'Business Opportunity'] preventing them from discussing it with prospective (or new) employers."

36.   On November 14, 2017, Innovatus sent Neuman proposed "agent NDAs" for execution by two of MV Realty's agents, Amanda Zachman and Greg Williams, in their individual capacities.

37.   On November 14, 2017, Amanda Zachman, in her individual capacity, executed the NDA prepared by Innovatus.  A true and correct copy of the Zachman NDA is attached hereto as Exhibit 3.

38.   On November 14, 2017, Greg Williams, in his individual capacity, executed the NDA prepared by Innovatus.  A true and correct copy of the Williams NDA is attached hereto as Exhibit 4.

39.   On January 22, 2018, Daryl Clark, who had recently agreed to serve in a CFO capacity supporting the proposed joint venture identified in the Term Sheet, executed an NDA prepared by Innovatus.  A true and correct copy of the Clark NDA is attached hereto as Exhibit 5.

F.   **Innovatus Brings Breach of Contract Claims Against Neuman, Mitchell, Ritz, Clark, Williams, and Zachman**

40.     On May 11, 2018, Innovatus filed the Complaint in the present action ("Innovatus Complaint") against Neuman, Mitchell, Ritz, Zachman, Clark, and Williams for breach of their respective NDAs.

41.     Among other things, Innovatus seeks an injunction to prevent the Counter-Plaintiffs from disclosing "valuable Confidential Information generated by Plaintiff, in breach of the NDAs." *See* Innovatus Compl. ¶ 46; *see also Id.* Prayer for Relief (seeking to enjoin Counter-Plaintiffs from "disclosing Confidential Information").

42.     On July 19, 2018, the Court entered an order denying a pending motion to dismiss, in which it explained, based on the parties' briefs, that the Business Opportunity involved "the proposal that a real estate broker's firm assemble a package of real estate 'forward contracts' which the business partners would securitize and market."  Dkt. 28, p. 1.

### G.     Innovatus Continually Refuses to Identify the "Confidential Information"

43.     On May 14, 2018, counsel for the Counter-Plaintiffs wrote to counsel for Innovatus asking that Innovatus identify the Confidential Information so that the Counter-Plaintiffs could return it to Innovatus.

44.     On May 21, 2018, counsel for the Counter-Plaintiffs wrote to counsel for Innovatus once again to ask that Innovatus identify the Confidential Information so that the Counter-Plaintiffs could return it to Innovatus.

45.     On May 25, 2018, counsel for Innovatus responded, stating that Innovatus "rejects the premise" that the NDA "puts the burden on Innovatus to identify all Confidential Information."

46.     On June 6, 2018, counsel for the Counter-Plaintiffs again wrote to counsel for Innovatus to respond to the assertion that Innovatus was under no obligation "to individually

identify *all* Confidential Information," and noting that "your client has refused to identify any Confidential Information."

47.     On June 27, 2018, counsel for Innovatus responded, refusing once again to identify any of the Confidential Information.

48.     As of August 7, 2018, Innovatus still has not identified the allegedly Confidential Information to the Counter-Plaintiffs or to the Court.

## COUNT ONE

### Declaratory Judgment That, Under the Clear and Unambiguous Terms of the NDAs, "Confidential Information" Does Not Include Information That Was in the Public Domain Prior to August 24, 2017

49.     Counter-Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 48, as if set forth fully herein.

50.     The Innovatus Complaint seeks to enjoin Counter-Plaintiffs from disclosing "valuable Confidential Information generated by Plaintiff, in breach of the NDAs."  *See* Innovatus Compl. ¶ 46; *see also id.* Prayer for Relief (seeking to enjoin Counter-Plaintiffs from "disclosing Confidential Information").

51.     As of August 7, 2018, despite repeated requests by Counter-Plaintiffs, Innovatus has not identified the allegedly "Confidential Information."

52.     Section 1 of each of the NDAs defines Confidential Information as "all nonpublic information disclosed by" Innovatus to the Counter-Plaintiffs.

53.     Section 2 of each of the NDAs expressly excludes from Confidential Information any information that "is or has become generally available in the public."

54.     Thus, under the clear and unambiguous terms of the NDAs, Confidential Information does not include any information that was in the public domain prior to August 24, 2017, the date of the first NDA.

55.     For example, under the clear and unambiguous terms of the NDAs drafted by Innovatus, the Harrington Patent (*supra* ¶¶ 31-34), which was issued to a third party in 2008, is not Confidential Information under the NDAs.

56.     Innovatus, however, has repeatedly refused to identify the allegedly Confidential Information under the NDAs.

57.     Counter-Plaintiffs therefore seek a declaration that information that was in the public domain prior to August 24, 2017 (the date of the first NDA) is not Confidential Information under the NDAs between Counter-Plaintiffs and Counter-Defendant Innovatus.

## PRAYER FOR RELIEF

WHEREFORE, COUNTER-PLAINTIFFS pray for relief and judgment as follows:

1.     Awarding Counter-Plaintiffs a declaration that information that was in the public domain prior to August 24, 2017, the date of the first NDA, is not Confidential Information under the NDAs between Counter-Plaintiffs and Counter-Defendant Innovatus.

2.     Awarding such other relief as this Court may deem just and proper.


Dated:  April 29, 2020                                 Respectfully Submitted,


                                                              *s/  Jason C. Raofield*
                                                              Jason C. Raofield (*pro hac vice*)
                                                              Margaret H. Brennan  (*pro hac vice*)
                                                              COVINGTON & BURLING LLP
                                                              One CityCenter
                                                              850 Tenth Street, NW
                                                              Washington, DC  20001-4956
                                                              Tel: 202.662.5072
                                                              jraofield@cov.com
                                                              mbrennan@cov.com

                                                              *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2020, a copy of the foregoing Amended Answer and Counterclaims was filed via ECF.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated:  April 29, 2020                           Respectfully Submitted,


<u>s/  Jason C. Raofield</u>

Jason C. Raofield (*pro hac vice*)
Margaret H. Brennan  (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
Tel: 202.662.5072
jraofield@cov.com
mbrennan@cov.com

*Attorneys for Defendants*