**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

INNOVATUS CAPITAL PARTNERS, LLC,

    Plaintiff,

    - against -

JONATHAN NEUMAN, ANTONY MITCHELL, RITZ ADVISORS, LLC, GREG WILLIAMS, DARYL CLARK, AND AMANDA ZACHMAN,

    Defendants.

------------------------------------------------------------------X

MV REALTY, PBC, LLC,

    Plaintiff,

    - against -

INNOVATUS CAPITAL PARTNERS, LLC,

    Defendant.

------------------------------------------------------------------X

1:18-cv-04252-LLS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/20

1:18-cv-07142-LLS

## [PROPOSED] PROTECTIVE ORDER

LLS

The Court having found that good cause exists for issuance of an appropriately tailored protective order, it is hereby ORDERED that any person subject to this Order shall adhere to the following terms:

1.     In this Protective Order, the words set forth below shall have the following meanings:

      a.    "Proceeding" means the above-captioned related matters, *Innovatus Capital Partners, LLC v. Jonathan Neuman, et al*, Case No.: 1:18-cv-04252-LLS (S.D.N.Y.), and *MV Realty, PBC, LLC v. Innovatus Capital Partners, LLC*, Case No. 1:18-cv-07142-LLS (S.D.N.Y.).

      b.    "Court" means the Hon. Louis L. Stanton, or any other judge to which this Proceeding may be assigned.

      c.    "Confidential" means any Documents, Testimony, or Information which are in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information are entitled to confidential treatment.

      d.    "Confidential Materials" means any Documents, Testimony, or Information, designated as "Confidential" pursuant to the provisions of this Protective Order, or copies, reproductions, or summaries thereof.

      e.    "Highly Confidential" means any information which is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial, competitive or other injury that cannot be avoided by less restrictive means.

      f.    "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

      g.    "Designating Party" means the person, whether it be a party to the Proceedings or a third party, that designates Documents, Testimony, or Information as "Confidential."

        h.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, or Information, or any part thereof, or any information contained therein.

        i.      "Documents" means (i) means any and all items defined by Federal Rule of Civil Procedure 34(a), whether produced or created by a party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

        j.      "Information" includes the content of Documents or Testimony.

        k.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding, and transcripts thereof.

2.      The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes contains non-public information that is entitled to confidential treatment.

3.      The Designating Party shall have the right to designate as "Highly Confidential" only commercially-sensitive, non-public Documents, Testimony, or Information as to which the Designating Party in good faith believes that the Disclosure to another Party or non-Party would create a substantial risk of serious financial, competitive, or other injury that cannot be avoided by less restrictive means.

4.      The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

5. Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents, the Designating Party must to the extent feasible affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated "Confidential" or "Highly Confidential" material.

    b. For Testimony given in depositions or otherwise:

        i. the Designating Party may, within 30 days following receipt of the final deposition transcript, identify any "Confidential" or "Highly Confidential" Testimony.

        ii. Unless otherwise agreed to by the Parties during the deposition during which Testimony is provided, the entire contents of the deposition shall be deemed "Highly Confidential" during the pendency of the 30-day review period. The parties may agree to extend the 30-day review period at their discretion.

    c. For other tangible items, including, without limitation, compact discs or DVDs containing Confidential or Highly Confidential Materials, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential."

    d. For any information or documents disclosed during confidential settlement discussions or communications, the Designating Party must either prior to or within 24 hours after the settlement discussion or communication, notify the other party in writing of the specific information or documents that the Designating Party deems "Confidential" or "Highly Confidential".

4

6.      The inadvertent production of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential," and the producing party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject, Document, Testimony, or Information designated as "Confidential" or "Highly Confidential." Upon receipt of the replacement versions, the party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or return such Document, Testimony, or Information, together with all copies of the same, to counsel for the Designating Party and shall retain only the materials marked "Confidential" or "Highly Confidential." Should the receiving party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving party shall notify the Designating Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

7.      In the event that counsel for a party receiving Documents, Testimony, or Information designated as "Confidential" or "Highly Confidential" objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections and the specific Documents, Testimony, or Information, or portions of Documents, Testimony, or Information, to which each objection pertains (the "Designation Objections"). The Parties shall meet and confer regarding the Designation Objections within ten (10) business days after an

objection is made. If the Parties are unable to resolve any dispute regarding the Designation Objections, the objecting party may file a motion challenging the designation of the materials as "Confidential" or "Highly Confidential."

8. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. Attorneys of record in the Proceeding and their partners, associates, co-counsel, paralegals, clerical, and secretarial staff;

    c. In-house counsel to the undersigned Parties, and the paralegal, clerical, and secretarial staff employed by such counsel;

    d. Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel deem necessary to aid in the prosecution and defense of this Proceeding; provided, however, that each such person given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and may not be Disclosed other than pursuant to its terms;

    e. stenographers and video technicians engaged to transcribe or record depositions conducted in this Proceeding (whether at depositions, hearings, or any other proceeding);

    f. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials; provided, however, that each such witness shall be advised that such materials are being Disclosed pursuant

to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      g.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that such Confidential Materials may not be provided to any such witness in advance of the deposition or non-trial hearing at which testimony will be provided, nor retained by the witness after such testimony is provided; and further provided that at least two (2) days prior to the deposition or non-hearing testimony, the Party making the Disclosure shall notify the disclosing party of the planned Disclosure, such that if, after being notified of a planned Disclosure of Confidential Materials to a person under this Section, the Disclosing Party objects to the Disclosure, no such Disclosure shall be made until such time as the Court overrules the Disclosing Party's objection, or the parties resolve such objection between themselves. At the time of any Disclosure of Confidential Materials to any witness under this Section, the Party making the Disclosure shall advise the witness that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      h.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

      i.    outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify; provided,

however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to notify counsel for the Designating Party, in writing, of such breach or threatened breach within no fewer than three business days of the breach or threatened breach;

      j.    mediators, special masters or settlement facilitators engaged by the Parties or serving by virtue of Court order;

      k.    any other person or entity that the Designating Party agrees to in writing.

9.    Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities;

      a.    Trial Counsel in the Proceeding and their partners, associates, co-counsel, paralegals, clerical, and secretarial staff; "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and their affiliated attorneys, and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

      b.    outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of Trial Counsel,

upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to notify counsel for the Designating Party, in writing, of such breach or threatened breach within no fewer than three business days of the breach or threatened breach;

   c. any person who authored, received, saw, or was otherwise familiar with Documents, Testimony, or Information or things designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

   d. stenographers and video technicians engaged to transcribe or record depositions conducted in this Proceeding (whether at depositions, hearings, or any other proceeding); and

   e. the Court.

10. Confidential and Highly Confidential Materials shall be used by the persons or entities receiving them solely for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any other purpose whatsoever.

11. Any Documents, Information, or Testimony that may be produced in the Proceeding, pursuant to subpoena or otherwise, may be designated as "Confidential" or "Highly Confidential" under the terms of this Protective Order, and any such designation by a non-party to the Proceeding shall have the same force and effect, and create the same duties and obligations, as if made by one of the parties hereto. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made with respect to such designation, or any other matter otherwise arising under this Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not in any way restrict the ability of a party to use its own Confidential or Highly Confidential Materials in any manner.

13. If any person subject to this Protective Order who has custody of any Confidential or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The person receiving the Subpoena shall cooperate with the Designating Party in any proceeding related thereto. Additionally, no party will object to the Designating Party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such protected material for the sole purpose of seeking to prevent or restrict disclosure thereof. The recipient of the Subpoena may not produce any Confidential or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Protective Order shall be construed to preclude the parties to the Proceeding from asserting in good faith that certain Confidential or Highly Confidential Materials may require additional protection. The parties shall meet and confer to agree upon the terms of such additional protection, and to the extent they are unable to agree, may request such additional protection from the Court.

15. All persons subject to this Protective Order must take reasonable precautions to protect from unauthorized disclosure any Confidential or Highly Confidential Materials produced by a Designating Party. If any Confidential or Highly Confidential Materials produced under the terms of this Protective Order is Disclosed by a receiving party to any person other than in the manner authorized by this Protective Order, the party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential or Highly Confidential Materials to the immediate attention of the Designating Party. Disclosure of Confidential or Highly Confidential Materials other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

16. Where any Confidential or Highly Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding in this Proceeding, the Parties and any involved non-party shall follow the procedures outlined in Fed. R. Civ. P. 5.2, the Standing Order Regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases dated December 19, 2019, and the Individual Rules of Practice issued of the Court, or any Standing Procedural Order subsequently issued by the Court.

17. The Parties shall meet and confer regarding the procedures for use of any Confidential or Highly Confidential Materials at any hearing or trial and shall move the Court for entry of an appropriate order.

18. In the event that a producing party (including any non-party to the Proceeding) produces a Document that it later discovers or in good faith asserts to be a privileged or protected Document, the production of that Document shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed

destruction of the materials. Within ten (10) calendar days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged or protected in any way.

19. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding.

20. Upon the termination (whether by judgment, settlement or otherwise) of this Proceeding, the Parties shall have sixty (60) days to either (a) return to counsel for each Designating Party all Confidential or Highly Confidential Materials of such Designating Party, and all copies thereof (except that counsel for each party to the Proceeding may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, one copy of each pleading filed with the Court, and one copy of each deposition transcript together with the exhibits marked at the deposition), or (b) immediately (i) destroy all Confidential or Highly Confidential Materials and copies thereof, and (ii) provide written certification of the destruction of such materials to counsel for the Designating Party.

It is so **ORDERED.**

May 11, 2020

**BY THE COURT:**

_Louis L. Stanton_
Hon. Louis L. Stanton

## [EXHIBIT A]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
:
INNOVATUS CAPITAL PARTNERS, LLC,            :
:           1:18-cv-04252-LLS
       Plaintiff,            :
:
       - against -            :
:
JONATHAN NEUMAN, ANTONY MITCHELL, RITZ     :
ADVISORS, LLC, GREG WILLIAMS, DARYL
CLARK, AND AMANDA ZACHMAN,                  :
:
       Defendants.            :
:
------------------------------------------------------------------ X
:
MV REALTY, PBC, LLC,                        :
:           1:18-cv-07142-LLS
       Plaintiff,            :
:
       - against -            :
:
INNOVATUS CAPITAL PARTNERS, LLC,            :
:
       Defendant.            :
:
------------------------------------------------------------------X

### ENDORSEMENT OF PROTECTIVE ORDER

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the Disclosure of Confidential Materials. I agree that I will not disclose Confidential or Highly Confidential Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                     _____

                                                                       **[NAME]**