ORIGINAL

USD... ...Y
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
INNOVATUS CAPITAL PARTNERS, LLC,

              Plaintiff,           18 Civ. 4252 (LLS)

     - against -

JONATHAN NEUMAN, ANTONY MITCHELL,
RITZ ADVISORS, LLC, GREG WILLIAMS,
DARYL CLARK and AMANDA ZACHMAN,

              Defendants.
- - - - - - - - - - - - - - - - - - X
MV REALTY, PBC, LLC,

              Plaintiff,           18 Civ. 7142 (LLS)

     - against -

INNOVATUS CAPITAL PARTNERS, LLC,         MEMORANDUM
                                 OPINION & ORDER

              Defendant.
- - - - - - - - - - - - - - - - - - X

    With respect to Counsels' recent letters to the Court regarding discovery issues, some clarification is needed.

    Innovatus is correct that my December 23 Order dismissed only its claim for an injunction, not its claim for compensation for the use of information (whether or not confidential) it furnished to MV Realty.

    The underlying principle is that of unjust enrichment. See, e.g., Young v. Rosenberg, 2017 WL 3267769, at *2 (S.D.N.Y. Aug. 1, 2017)("Restitution appears to be the appropriate measure of relief where, as here, the doctrine is premised upon the equitable principle that a person who has been unjustly enriched

at the expense of another is required to make restitution to the other.").

The extent to which Innovatus is entitled to compensation from MV, under any theory of recovery, will depend on Innovatus' ability to establish the usefulness and value of its work, effort, research and thought during the period the parties worked together. That determination requires, as a start, understanding what methods both parties have used, and are using, based on the materials generated by Innovatus' efforts. It is that material whose value is to be ultimately appraised.

Accordingly, each party must reveal the degree, if any, it has used that material, and whether it is still doing so. That will furnish a pragmatic basis on which the value, experiences, utility and profitability of that method can be discussed and judged.

The parties and Counsel must follow that path. Failure to do so produces not illumination, but abstract argument, debate and rhetoric, which retards preparation of the case, yet increases the expense in doing so.

So ordered.

Dated:     New York, New York
           February 11, 2021

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                    U.S.D.J.