

## MEMORANDUM ENDORSEMENT

<u>Innovatus Capital Partners, LLC v. Neuman et al.,
(18 Civ. 4252); MV Realty, PBC, LLC v. Innovatus Capital
Partners, LLC (18 Civ. 7142)</u>

The issues in Innovatus's March 3, 2021 Letter and MV Realty's March 8 Response have been carefully considered and should be approached as follows: Innovatus's providing "a clear and meaningful response to the pending interrogatory (which is due on March 15) to identify the 'material' discussed in the Court's February 11 Order; it will finally start producing documents regarding its own pursuit of RTLs; and it will answer the Requests for Admissions discussed above without further delay. In addition, it will allow MV Realty to complete its production, and to review the Stifel documents for production, based on the list of methods to be provided by Innovatus on March 15", before Realty is required to proceed further with its production.

So ordered.

Dated:   New York, New York
         March 23, 2021

                              _____
                              LOUIS L. STANTON
                                  U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/21



**REITLER**
REITLER KAILAS & ROSENBLATT LLC

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022-4834
Tel: 212.209.3050
Fax: 212.371.5500

**Princeton**
5 Vaughn Drive
Princeton, NJ 08540-6313
Tel: 609.514.1500
Fax: 609.514.1501

**MEMO ENDORSED**

March 3, 2021

www.reitlerlaw.com

**VIA E-FILING**

Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Innovatus Capital Partners, LLC v. Neuman, et al.**, 18-CV-4252-LLS
**MV Realty, PBC, LLC v. Innovatus Capital Partners, LLC**, 18-CV-7142-LLS

Dear Judge Stanton:

We are counsel to Innovatus Capital Partners, LLC ("Innovatus"), plaintiff in the first above-referenced matter and defendant in the second above-referenced matter. I write pursuant to Local Civil Rule 37.2 to request a pre-motion discovery conference regarding the failure of the MV Realty Parties[1] to comply with this Court's Memorandum and Order dated December 23, 2020, which held that Innovatus was entitled to discovery regarding "MV's methods and profitability." On January 13, 2020, three weeks after this Court's Memorandum and Order, counsel for the MV Realty Parties advised Innovatus in writing that it anticipated completing its document production by February 5, 2021. A copy of counsel's letter of that date is attached hereto as Exhibit A. The MV Realty Parties have not, in fact, completed their production, although a month has passed since the date they claimed they would, and are now refusing to produce any documents unless Innovatus complies with their latest unreasonable demands. There is no basis in law or logic for the position of the MV Realty Parties.

By Order dated February 11, 2021, this Court directed Innovatus to produce discovery relating to "the degree, if any, it has used" the materials "generated by Innovatus' efforts." Innovatus will fully comply with this Court's Order. However, this Court also held, in that Order, that Innovatus is entitled to a monetary recovery based on the MV Realty Parties' unjust enrichment from their use of materials generated by Innovatus. That necessarily requires the MV Realty Parties to produce documents relating to the extent they have been enriched by their pursuit of RTL transactions. *Capstone Logistics Holdings, Inc. v. Navarretei*, at *17 2018 U.S. Dist. LEXIS

---

[1] The MV Realty Parties are, collectively, the defendants in the first above-referenced matter and MV Realty, PBC, LLC, plaintiff in the second above-referenced matter.

268370

217876 (S.D.N.Y. Dec. 13, 2018) ("[U]njust enrichment ... restitution [and] disgorgement ... remedies are properly measured, in the first instance, by the *defendant's* net profits enjoyed as a result of its misconduct.") (citing *Restatement (Third) of Restitution and Unjust Enrichment* § 51 (2011) ("[T]the unjust enrichment of a conscious wrongdoer ... is the net profit attributable to the underlying wrong.")). The focus of the Court's Orders is on the financial benefit to the MV Realty Parties, not that of Innovatus, which provided considerable "work, effort, research and thought" to the MV Realty Parties. Innovatus' financial information has nothing to do with the extent to which the MV Realty Parties were unjustly enriched by the use of the Confidential Information and business strategies that Innovatus disclosed to the MV Realty Parties, while the financial information of the MV Realty Parties is certainly relevant to that determination. It is this discovery that the MV Realty Parties are improperly refusing to provide, although they have had over two months to identify and produce such documents, and notwithstanding their prior representation that they would provide such documentation by February 5, 2021.

Innovatus also seeks a pre-motion conference regarding the failure of two non-party witnesses – Stifel, Nicolaus & Company Incorporated ("Stifel") and Realty Holdings USA, LLC ("Realty Holdings") – to produce any documents in response to Subpoenas Duces Tecum that Innovatus caused to be served on them. Stifel was served with a Subpoena Duces Tecum in October of 2020, and served Responses and Objections on November 7, 2020. A copy of Stifel's Responses and Objections are attached hereto as Exhibit B. Realty Holdings was served with a Subpoena Duces Tecum in December of 2020 and served Responses and Objections on January 28, 2021. A copy of Realty Holdings' Responses and Objections are attached hereto as Exhibit C.

Stifel is a brokerage and investment banking firm which has been retained by the MV Realty Parties to assist in obtaining financing in connection with the MV Realty Parties' pursuit of RTL transactions. Accordingly, Stifel has documents relating to the MV Realty Parties' "methods and profitability," which this Court held to be discoverable in its Memorandum and Order dated December 23, 2020. Stifel has advised us that they have identified documents responsive to Innovatus' Subpoena Duces Tecum, and that they have provided such documents to counsel for the MV Realty Parties to review for a determination as to whether any documents should be designated "HIGHLY CONFIDENTIAL" pursuant to the Protective Order entered in this case. We understand that the MV Realty Parties have had such documents in their possession since December. However, they have failed to permit Stifel to produce any documents responsive to the subpoena duces tecum. It is beyond time for such documents to be produced by Stifel.

Innovatus also seeks production of RTL transaction documents from Realty Holdings, which has refused to produce even a single document in response to Innovatus' subpoena duces tecum. Realty Holdings is the entity created by Steven Daum. The MV Realty Parties have repeatedly claimed in this case that Mr. Daum and his entities have engaged in RTL transactions since before Innovatus and the MV Realty Parties began working together in 2017. Mr. Daum's efforts were the primary factor raised by the MV Realty Parties in their motion for summary judgment. The MV Realty Parties even introduced an affidavit from a Realty Holdings' Vice President in support of that motion, which was largely denied by this Court in its Memorandum and Order dated December 23, 2020.

In that same Memorandum and Order, this Court held that adjudication of Innovatus' claims in these cases "may require a comparison of MV 's methods and profitability with those transacting the other 'thousands of RTL transactions with homeowners around the country' (Def.'s moving

brief, p.14)," a clear reference to Mr. Daum's efforts. A copy of the relevant pages from the MV Realty Parties' moving brief, cited by this Court, is attached hereto as Exhibit D. As is plain from the relevant pages of the MV Realty Parties' brief, this Court was not referring to Innovatus in its reference to page 14 of that brief.

Despite the clear directive from the Court regarding the relevancy of Realty Holdings' efforts to market RTL contracts, and despite the fact that a copy of this Court's Memorandum and Order has been provided to counsel for Realty Holdings, Realty Holdings has refused to produce any documents in response to the Subpoena Duces Tecum served by Innovatus. Accordingly, Innovatus requests that this Court order Realty Holdings to comply with Innovatus' Subpoena Duces Tecum.

                              Respectfully submitted,

                              /s/ Edward P. Grosz
                              Edward P. Grosz

cc:    Jason C. Raofield (via e-filing)
        Theodore Snyder (Counsel for Stifel) (via e-mail)
        Heather Middleton (Counsel for Stifel) (via e-mail)
        Gregory Locke (Counsel for Realty Holdings) (via e-mail)

# COVINGTON

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

March 8, 2021

The Honorable Louis L. Stanton
500 Pearl Street, Courtroom 21-C
New York, New York 10007

Re: *Innovatus Capital Partners, LLC, v. Neuman et. al.* (1:18-cv-04252);
*MV Realty, PBC, LLC, v. Innovatus Capital Partners, LLC* (1:18-cv-07142)

Dear Judge Stanton:

We submit this response to the March 3, 2021 letter from Innovatus (Dkt. 151) requesting a pre-motion conference regarding the timing of MV Realty's production of documents.

It has been nearly eleven weeks since the Court's summary judgment order, and almost four weeks since the Court's February 11 discovery order. Whereas MV Realty has produced hundreds of thousands of pages of documents regarding its RTL business, Innovatus has yet to produce a single document regarding its independent pursuit of RTLs. Innovatus also continues to refuse to answer the simple Requests for Admissions we served months ago to establish whether Innovatus is even using the supposedly valuable methods it claims to have created while the parties were working together. *See* Exhibit A, Requests 19-33 (focusing on the methods identified in Innovatus' written disclosure of Confidential Information, such as "the form of RTL agreement," "pricing of termination fees," "agents' agreements," "sales pitch or script," "RTL Completion Checklist," "watermarks" and other confidentiality protocols, etc.). These documents and Requests for Admissions were the subject of our recent letter motions to the Court, which led to the February 11 Order directing Innovatus to provide this discovery.

Despite its continued intransigence, Innovatus now complains to the Court that MV Realty has not yet produced financial information. We told Innovatus that we would produce financial information, and we have done so today. We look forward to seeing Innovatus' financial information, because we expect it to show (1) that Innovatus is not using the purportedly valuable methods itself, and (2) that despite having access to all of those methods, Innovatus has not been successful.[1]

---

[1] Ignoring both of these points, Innovatus argues only that its financial information is irrelevant to the entirely separate issue of calculating a restitution remedy. Of course, evidence can be relevant for multiple reasons. Moreover, Innovatus' argument is based on the Restatement (Third) of Restitution and Unjust Enrichment, which New York courts have affirmatively and repeatedly declined to adopt. *See, e.g., Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank*, N.A., No. 15 CV 293-LTS-RWL, 2019 WL 4735387, at *11 (S.D.N.Y. Sept. 27, 2019) (Rejecting claim for "ill-gotten gains, received at the expense of Plaintiffs" because "Plaintiffs have proffered no legal foundation for their claim other than their citation of a Restatement provision that has not been adopted by any New York court."); *Hosp. Grp. of Am., Inc. v. Terrace on the Park*, Inc., No. 71386, 1993 WL 127209, at *4 (S.D.N.Y. Apr. 20, 1993) (Rejecting attempt to recover defendant's profits as unjust enrichment, because "[w]hile this theory might conceivably be viable under the Restatement... New York courts have yet to embrace these sections as law.").

**COVINGTON**

March 8, 2021
Page 2

    With respect to the directive in the Court's February 11 Order that the parties provide discovery regarding the "methods both parties have used, and are using, based on the materials generated by Innovatus' efforts," we have already produced hundreds of thousands of pages of documents to Innovatus. Our production efforts have focused on the methods identified by Innovatus in its identification of Confidential Information, and MV Realty has produced documents corresponding to the items identified by Innovatus (*e.g.*, the form of RTL agreements, the form of liens, the "sales script," the form of "agent agreements," RTL "confidentiality protocols," "RTL Checklists," etc.). Innovatus has shown little interest in this evidence, which we submit is because it shows that MV Realty does not use any of the methods identified by Innovatus. But we have not stopped there. Innovatus has suggested there may be other methods it has not yet identified (*e.g.*, methods that are not confidential), and it has at times suggested that our attempts to distill the methods at issue in this case (based on Innovatus' rambling 21-page Confidential Information disclosure) is incomplete. At this stage of the litigation, it is critical that there be no ambiguity or confusion regarding what methods are at issue. Thus, the day after the February 11 Order, we served an interrogatory asking Innovatus to provide a "list identifying (separately) each 'method' or other item of 'information' Innovatus furnished to the MV Realty Parties that was 'generated' by Innovatus based on its 'work, effort, research and thought during the period the parties worked together.'" Exhibit B, Request No. 1 (quoting the February 11 Order). We specifically asked Innovatus to identify that material in a clear and meaningful manner, so that MV Realty can ensure it has provided all of the discovery required by the Court's February 11 Order. *Id.* at 7 n.1.

    We have told Innovatus that once it provides its response to that interrogatory, which is now due in a matter of days, we will undertake to complete our production based on Innovatus' designation of the material it claims to have provided to MV Realty. We have also told Innovatus that we will review the documents provided by third party Stifel on January 15 (not in December as Innovatus claims), and that we will not object to the production of any documents by Stifel that relate to the methods or other information identified by Innovatus. Innovatus has taken a similar approach with respect to document productions by third parties in response to subpoenas issued by MV Realty.[2]

    For Innovatus, the real issue with MV Realty's productions is that the documents show that MV Realty is pursuing RTLs consistent with the Harrington and Ashenmil patents, and the disclosures by Daum, and not based on any methods Innovatus claims to have developed when the parties were working together. The simple fact is that there is no nexus between MV Realty's activities and the methods purportedly developed by Innovatus. Meanwhile, despite the February 11 Order, Innovatus continues to refuse to provide discovery regarding its own pursuit of RTLs. We believe that evidence will show that Innovatus is not using those methods itself. We also

---

[2] Like Stifel, those third parties (one of whom we subpoenaed because it is identified in Innovatus' Confidential Information disclosure) are subject to a standard contractual obligation permitting Innovatus to review documents prior to production to determine whether to intervene. On January 19, Innovatus invoked such a provision with respect to document productions that two separate third parties were prepared to make to MV Realty. *See* Exhibits C and D. That was just days after Stifel provided documents to MV Realty. Innovatus has not yet reviewed the documents provided by those third parties.

**COVINGTON**

March 8, 2021
Page 3

believe the evidence will show that, even if Innovatus is using some of those methods, it is not having success. That will provide powerful confirmation that MV Realty's success is not attributable to any methods supposedly developed by Innovatus.[3]

The time has come for Innovatus to either prosecute its claim or dismiss this case. Innovatus argued that evidence regarding its own pursuit of RTLs is irrelevant. The Court found otherwise in a clear and unambiguous order. Yet Innovatus has done not one thing to comply with that order. If it actually intends to proceed, it will provide a clear and meaningful response to the pending interrogatory (which is due on March 15) to identify "the material" discussed in the Court's February 11 Order; it will finally start producing documents regarding its own pursuit of RTLs; and it will answer the Requests for Admissions discussed above without further delay. In addition, it will allow MV Realty to complete its production, and to review the Stifel documents for production, based on the list of methods to be provided by Innovatus on March 15. At that point, if Innovatus has additional concerns, we stand ready to meet and confer in good faith. That is precisely why we agreed to Innovatus' request for a significant extension of the discovery schedule: to permit the parties to proceed with the path for discovery identified by the Court. In the meantime, there is no reason for Innovatus to be seeking Court intervention on discovery issues that have not materialized, and which may never materialize.

Sincerely,

*s/ Jason C. Raofield*
Jason C. Raofield

cc: Gregory Locke (Counsel for Realty Holdings) (via email)
Theodore Snyder (Counsel for Stifel) (vie email)
Heather Middleton (Counsel for Stifel) (via email)

---

[3] Oddly, Innovatus insists the Court previously found (*sua sponte*) that Daum's financial information is discoverable, but Innovatus' financial information is not discoverable. That makes no sense. To begin with, in its pre-motion letter, Innovatus explicitly argues that the **_only_** financial information that is relevant is MV Realty's financial information. Dkt. 151 at 1-2. But it then turns around and argues that Daum's financial information is relevant. *Id.* at 2-3. Moreover, Innovatus has the supposedly valuable methods, and if its financial information shows it has not had success, clearly those methods are not the reason for MV Realty's success.