ORIGINAL

**MEMO ENDORSED**

# Dechert
LLP



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/21

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**MICHAEL H. MCGINLEY**

michael.mcginley@dechert.com
+1 215 994 2463 Direct
+1 215 655 2131 Fax

October 11, 2021

**VIA ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United State Courthouse
500 Pearl Street
New York, NY 10007

*Innovatus correctly preserved MV's option to seek sealing, although MV correctly waived it.*

LLS
10/21/21

Re: *Innovatus Capital Partners, LLC v. Neuman*, No. 1:18-cv-04252-LLS (S.D.N.Y.)[1] and
*MV Realty PBC, LLC v. Innovatus Capital Partners*, LLC, No. 1:18-07142-LLS (S.D.N.Y.)

Dear Judge Stanton:

We are counsel to Innovatus Capital Partners, LLC ("Innovatus"), which is Plaintiff in the first above-captioned action and Defendant and Cross-Claimant in the second. We write to request permission to file under seal portions of Innovatus' October 11, 2021 letter and attachments in which Innovatus requests a pre-motion conference regarding the MV Realty Parties'[2] prolonged failure to produce responsive documents.

A court may seal judicial documents if that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations omitted). Materials that reveal marketing strategy, financial analysis, and business development strategy are routinely considered highly proprietary by courts and worthy of protection by sealing from the public. *See, e.g.*, *Playtex Products, LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11–12 (S.D.N.Y. March 29, 2016); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). In addition, the Second Circuit has held that the presumption of public access to a document is lower in a discovery-related dispute, like this one, than it would be in an adjudication on the merits. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

The proposed redactions to the October 11, 2021 letter and accompanying attachments are aimed at protecting references to and quotes from (i) information that has been designated by the MV

---

[1] All citations to "Dkt." herein refer to the docket entries in *Innovatus Capital Partners, LLC v. Neuman*, No. 1:18-cv-04252-LLS (S.D.N.Y.).

[2] The "MV Realty Parties" refers collectively to Defendants and Cross-Claimants Jonathan Neuman, Antony Miller, Ritz Advisors, LLC, Greg Williams, Daryl Clark, and Amanda Zachman in the first above-captioned action, and Plaintiff MV Realty PBC, LLC in the second above-captioned action.



Hon. Louis L. Stanton
October 11, 2021
Page 2

Realty Parties as "HIGHLY CONFIDENTIAL," which is defined in the Protective Order as "information which is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial, competitive or other injury that cannot be avoided by less restrictive means," Dkt. 75 at 2 (Protective Order), and (ii) information that has been designated by the MV Realty Parties as "CONFIDENTIAL," which is defined in the Protective Order as "information in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information are entitled to confidential treatment," *id.* The Protective Order requires the parties to follow "the procedures outlined in Fed. R. Civ. P. 5.2., the Standing Order Regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases dated December 19, 2019, and the Individual Rules of Practice issued of the Court, or any Standing Procedural Order subsequently issued by the Court." *Id.* at 11.

Pursuant to the Protective Order, we understand that the MV Realty Parties' designation of these materials as "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL" means that the MV Realty Parties believe the information contained therein is competitively sensitive and would be harmful if released to the public.

Accordingly, Innovatus respectfully requests the Court's permission to file its October 11, 2021 letter and attachments under seal, pending a submission by the MV Realty Parties further articulating a basis for why these materials should be sealed.

Respectfully,

Michael H. McGinley

CC: All counsel of record (via ECF)