ORIGINAL

**COVINGTON**

BEIJING  BRUSSELS  DUBAI  JOHANNESBURG  LONDON
LOS ANGELES  NEW YORK  SAN FRANCISCO  SEOUL
SHANGHAI  SILICON VALLEY  WASHINGTON

# MEMO ENDORSED

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

October 22, 2021

The Honorable Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 21-C
New York, New York 10007

Re: *MV Realty, PBC, LLC, v. Innovatus Capital Partners, LLC* (1:18-cv-07142); *Innovatus v. Neuman et. al.* (1:18-cv-04252)

Dear Judge Stanton:

We write on behalf of MV Realty to respectfully request permission to file under seal portions of MV's October 22, 2021 pre-motion conference letter. Dkt. 213. That letter refers to, quotes, and contains information from documents that have been designated by Innovatus as "Highly Confidential" under the Protective Order.

Although there is a presumption in favor of public access to judicial documents, a court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Protective Order provides: "Where any Confidential or Highly Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding in this Proceeding, the Parties and any involved non-party shall follow the procedures outlined in Fed. R. Civ. P. 5.2, the Standing Order Regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases dated December 19, 2019, and the Individual Rules of Practice issued by the Court, or any Standing Procedural Order subsequently issued by the Court." On June 1, 2021, the Court entered an Order in connection with Innovatus' request to seal certain portions of MV's May 24, 2021 letter, which provided further guidance regarding the standard for sealing. *See* Dkt. 171.

Accordingly, MV requests permission to file portions of its October 22, 2021 letter under seal, subject to Innovatus' position as to whether the letter should be sealed.

Sincerely,

s/ Jason C. Raofield
Jason C. Raofield

My examination of the material sought to be sealed shows that it is far below the standards of Lugosch and its progeny, and any application for its sealing would be denied.

Accordingly the application in this letter ( quite properly made) would be futile, and is denied.

Louis L. Stanton

10/24/21