ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/18/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

INNOVATUS CAPITAL PARTNERS, LLC,        :

    Plaintiff,        :

    - against-        :        Case No. 1:18-cv-04252-LLS

                    :

JONATHAN NEUMAN, ANTONY        :
MITCHELL, RITZ ADVISORS, LLC, GREG        :
WILLIAMS, DARYL CLARK, AND        :
AMANDA ZACKMAN,        :

    Defendants.        :

-----------------------------------------------------------X

MV REALTY, PBC, LLC,        :        Case No. 1:18-cv-07142-LLS

    Plaintiff,        :

    - against-        :

                    :

INNOVATUS CAPITAL PARTNERS, LLC,        :

    Defendant.        :

-----------------------------------------------------------X

## ~~PROPOSED~~ SCHEDULING ORDER[1]

| Date | Event |
|---|---|
| Friday, March 18, 2022 | • Close of fact discovery (with the exception of Innovatus' responses to remaining Interrogatories and the Rule 30(b)(6) depositions of Innovatus, Redibs, and 777 Partners) |

---

[1] Innovatus has filed a motion to stay proceedings until the resolution of its currently pending appeal. The submission of this proposed schedule is not intended to waive the motion to stay.

| Friday, May 13, 2022 | • Opening expert reports |
|---|---|
| Friday, June 24, 2022 | • Rebuttal expert reports |
| Friday, July 22, 2022 | • Close of expert discovery |
| Friday, August 12, 2022 | • Plaintiff serves proposed findings of ultimate fact per Paragraphs 3(A)(1) of Judge Stanton's Standing Order (*see* Exhibit A) |
| Friday, August 19, 2022 | • Plaintiff and Defendants serve:<br><br>1. list of fact witnesses and summaries<br>2. exhibit lists<br>3. deposition designations for any witness that the party desires to put on using deposition transcript |
| Friday, September 2, 2022 | • Defendants serve proposed findings/contentions per Paragraph 3(A)(2) of Judge Stanton's Standing Order (*see* Exhibit A)<br><br>• Plaintiff and Defendants serve objections to witness lists, deposition designations, and proposed trial exhibits |
| Friday, September 16, 2022 | • Pretrial motions (if any) |
| Friday, September 23, 2022 | • Plaintiff serves:<br><br>1. proposed findings/contentions per Paragraph 3(A)(3) of Judge Stanton's Standing Order (*see* Exhibit A)<br>2. draft joint PTO per Paragraph 3(A)(4) of Judge Stanton's Standing Order (*see* Exhibit A)<br>3. sworn expert statement per Paragraph 3(A)(4) of Judge Stanton's Standing Order (*see* Exhibit A)<br>4. combined exhibit list (noting each party's objections if applicable) |
| Friday, September 30, 2022 | • Oppositions to pretrial motions (if any) |
| Friday, October 7, 2022 | • Defendants serve:<br><br>1. (revised) draft joint PTO per Paragraph 3(A)(4) of Judge Stanton's Standing Order (*see* Exhibit A)<br>2. sworn expert statement per Paragraph 3(A)(4) of Judge Stanton's Standing Order (*see* Exhibit A)<br>3. combined exhibit list (with any revisions) |
| Friday, October 14, 2022 | • Replies in support of pretrial motions (if any) |

| | • Parties file per Paragraph 3(A)(5) of Judge Stanton's Standing Order (*see* Exhibit A) |
|---|---|
| Monday, October 17, 2022 | 1. PTO<br>2. Trial briefs and proposed findings of fact and conclusions of law (including regarding evidentiary disputes) per Paragraph (3)(B)(2) of Judge Stanton's Standing Order<br>3. Sworn expert direct testimony/statement (if applicable) |
| TBD | • Final Pre-Trial Conference date to be set by the Court |
| TBD | • Trial date to be set by the Court |

Dated: March 18, 2022

By: */s/ Jason C. Raofield*

Jason C. Raofield (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel. (202) 662-5072

*Attorney for Jonathan Neuman, Antony Mitchell, Ritz Advisors, LLC, Daryl Clark, Greg Williams, Amanda Zachman, and MV Realty, PBC, LLC*

By: */s/ Michael H. McGinley*

Michael H. McGinley (*pro hac vice*)
DECHERT LLP
2929 Arch St.
Philadelphia, PA 19104
Tel. (215) 994-4000

*Attorney for Innovatus Capital Partners, LLC*

SO ORDERED this **18** Day of March 2022:

**Louis L. Stanton**

Louis L. Stanton
United States District Judge

Revised 8/1/2018

## INDIVIDUAL PRACTICES OF JUDGE LOUIS L. STANTON

Unless otherwise ordered by Judge Stanton, matters before Judge Stanton shall be conducted in accordance with the following practices:

## 1. Communications With Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at (212)805-0252.

**C. Faxes & Emails.** Faxes and emails to chambers are not permitted.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call chambers at (212)805-0252.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

**F. Inquiries.** If a matter is not decided within sixty days of the time it is fully submitted, or its pendency undecided creates particular problems for any party, counsel may write so advising the court.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, a pre-motion conference with the court is

1

required before making any motion, except <u>applications for temporary restraining orders or for injunctive relief, motions made by persons in custody, motions to dismiss in lieu of an answer, motions for reduction of sentence, motions for reargument, motions to affirm or vacate an arbitration award, Pro Hac Vice motions, and appeals from a magistrate judge's rulings</u>. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion.

**B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted to chambers at the time papers are served.

[**C. Memoranda of Law.** Omitted.]

**D. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F.** Paragraphs A and D above do NOT apply to any of the motions described in Federal Rule of Appellate Procedure 4(a)(4)(A). A pre-motion conference is not required before making such motions, which should be filed when served.

**G.** In all submissions to Judge Stanton where exhibits are attached, the exhibits shall be separated by index tabs so that the particular exhibit may be readily located within the group of exhibits.

## 3. Pre-trial Procedures

### A. Joint Pre-trial Orders in Civil Cases.

Subsequent to the completion of discovery, parties in civil actions will be required to file a pre-trial order which shall conform to the guidelines set forth in this memorandum. At trial, the parties may only offer proof with respect to the disputed facts contained in the pre-trial order. The agreed facts will automatically become part of the record.

The time limits for the filing of the pre-trial order will be established by the Court at a pre-trial conference.

Since Judge Stanton's procedure differs substantially from that of other judges of this Court, counsel should review it carefully before beginning to prepare their order. A sample

pre-trial order has been annexed as a guide at the end of these rules.

**Judge Stanton's procedure is as follows:**

1) Promptly after the completion of discovery, plaintiff shall serve on defendant a set of proposed findings of ultimate fact, without evidentiary detail, which would be sufficient to sustain a judgment for plaintiff if these facts were ultimately found to be true. Twenty findings should be sufficient in most cases.

2) Following the receipt of plaintiff's proposed findings:

a. Defendant shall inform plaintiff which proposed findings are contested and which are not contested. Disagreements should be on substance only, not on form or wording.

b. Defendant shall serve on plaintiff proposed counter-findings of ultimate fact with respect to the contested findings. With each counter-finding, defendant shall list the evidentiary source which supports his or her contentions, such as the page number of a deposition, name of a witness, exhibit or photograph.

c. Defendant shall also serve proposed findings on affirmative defenses and other subject matter not covered by plaintiff. Defendant's concessions, counter-findings, and new proposed findings should be sufficient to sustain judgment in defendant's favor if found to be true.

3) Following receipt of defendant's counter-findings and new proposed findings:

a. Plaintiff shall inform defendant which of defendant's proposed findings are contested and which are not contested. With respect to those which plaintiff contests, defendant shall list the evidentiary sources which support his or her contentions.

b. Plaintiff must then support each of the initially proposed findings which defendant disputes with an evidentiary source, citing the source which supports each proposed finding immediately after it.

3

> c.    Plaintiff shall also add reply counter-findings to defendant's new contentions with appropriate evidentiary support.

4)    At this point the parties should meet to collate the various disputed and undisputed proposed findings, submitting to the court ONE CONSOLIDATED pre-trial order signed by all the parties to the action.  This pre-trial order will consist of (1) a section containing agreed findings of fact, (2) a section containing plaintiff's proposed findings of fact with evidentiary sources, (3) a section containing defendant's proposed findings of fact listed immediately after the proposed finding it supports with evidentiary sources, (4) a joint list of expert witnesses, identified by name, and the party calling said witness(es), (5) a list of premarked joint trial exhibits which the parties agree may be received in evidence, (6) a list of other premarked exhibits which the parties do not agree may be received in evidence, together with the basis for objection and citation to the applicable Federal Rule of Evidence, and (7) a section indicating whether the action is a jury or nonjury matter and estimating the trial time which each party will require.

> When expert witnesses will be used to support disputed findings, the party who will call the expert must submit to his adversary and file with the Court on or before the submission date of the pre-trial order, a sworn statement, executed by the expert witness, summarizing his or her education and professional background and his or her direct testimony.  References to any documents or sources on which the expert will rely must also be included.  When the expert is a doctor, however, the medical report will be accepted in lieu of an affidavit.

5)    Finally, with the pre-trial order the parties shall each submit trial briefs on contested issue(s) of law, requests to charge, proposed voir dire, and copies of the expert's sworn statements, if applicable.  Trial briefs should also identify and address any evidentiary issue(s) likely to arise at trial.  Briefs should be concise, declaratory statements of the law without unnecessary detail or recitation of facts.  Each statement of law in the briefs must be supported by citation to appropriate authority.

## B.    Procedure in Cases set for Trial before Judge Stanton (Both Civil and Criminal)

Counsel with either jury or bench cases set for trial are to comply with the following procedures:

1) **Trial Date.**  All trial settings are firm.  The court clerk will be happy to answer your questions as to how the schedule appears, but reliance upon such information will not

4

justify a continuance.  Counsel with out-of-town witnesses or other special scheduling problems may request appropriate consideration by presenting an application well before the trial date.

2)  **Pre-trial Submissions.**  In jury trials, counsel are required to submit at the time the joint pre-trial order is filed (1) a brief discussing the issues to be tried (2) proposed voir dire questions and a list of individuals, companies or other entities that may appear as witnesses or otherwise be referred to during the trial, (3) proposed jury charges.  In bench trials, unless otherwise instructed, counsel are required to submit proposed findings of fact and conclusions of law with their trial briefs.

3)  **Exhibits.**  Counsel should stipulate to the foundation for all exhibits whose authenticity is not questioned.  Trial time will not be wasted on unnecessary foundation testimony.

All exhibits should be marked prior to introduction.  No trial time will be used for this purpose.

At the beginning of the trial, a complete extra set of documentary exhibits should be handed to the Judge for his use during the trial.  Upon application, the court may excuse a party from this requirement where it would be burdensome.

4)  **Sidebar Conferences.**  Sidebar conferences will be kept to a minimum.  This court agrees with Standard 5.9 of the Standards suggested by the American Bar Association Advisory Committee on the Judge's Function (1972):

> The trial Judge should be alert to
> the distracting effect on the jury
> during the taking of evidence of
> frequent bench conferences between
> counsel and the judge out of the
> hearing of the jury, and should
> postpone the requested conference to
> the next recess except when an
> immediate conference appears necessary
> to avoid prejudice.

5)  **Procedure during Trial.**

a.  Please be on time for each court session.  If you have matters in other courtrooms, arrange in advance to have them continued or have a colleague handle them for you.

b.  Please stand whenever you address the court.  This includes the making of objections.

c.    Stand a respectful distance from the jury at all times.

d.    In your opening statement to the jury, do not argue the case and do not discuss law.  Confine yourself to a concise summary of the important facts. Do not describe in detail what particular witnesses will say.  Unless the case is unusually complex, each party will be limited to 10 minutes.

e.    Please stand when you question witnesses. (Counsel with physical disabilities will be excused from this requirement.)  Do not pace about the courtroom when questioning witnesses.  This distracts the jury and wastes time.

f.    If you intend to question a witness about a group of documents, avoid delay by having all the documents with you when you start the examination.

g.    When you object, make your objection short and to the point.  Do not argue the objection in the presence of the jury, and do not argue with the ruling of the court in the presence of the jury.  Do not make motions (e.g., a motion for a mistrial) in the presence of the jury.  Such matters may be raised at the first recess.

h.    Do not face or otherwise appear to address yourself to jurors when questioning a witness.

i.    The jury should hear the instructions on the law of the case from the court, an impartial source.  In your final argument, you may tell the jury what you believe the substance of the court's instruction on a particular subject will be, but do not read or quote any instruction.

                    **LOUIS L. STANTON**
                **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

ABC LEATHER DISTRIBUTORS, INC.,

                Plaintiff,    CONSENT PRE-TRIAL ORDER

    - against -            ____ Civ. ____ (LLS)

THE SUNNYSIDE BANK, N.A.,

                Defendant.

- - - - - - - - - - - - - - - - - -X

       The parties, having exchanged proposed findings
and counter-findings of fact in accordance with the pre-
trial procedures of United States District Judge Louis L.
Stanton, hereby submit the following:

## A. Agreed Findings of Fact

       1. Plaintiff ("ABC") is a New Jersey corporation
engaged in the business of importing, processing and selling
leather, having its principal place of business in Jersey
City, New Jersey.

       2. At all relevant times herein, ABC's president
was one Samuel Smith.

       3. Defendant ("Sunnyside") is a national banking
association engaged in the business of banking in the state
of New York, having its principal place of business in New
York, New York.

7

      4. In or about January 1975, ABC opened a checking account with Sunnyside at its main branch in New York City.

      5. One of ABC's suppliers after January 1975 was a Brazilian export company, Brazilian Leather Exports ("BLE").

      6. BLE's bank in Brazil was the Commercial Bank of Brazil ("CBB").

      7. On or about December 1, 1975, on written application by ABC, Sunnyside opened an irrevocable documentary letter of credit to the benefit of CBB in Brazil (the "CBB credit") in the amount of $700,000 and with an expiration date of June 1, 1976. A copy of the CBB credit will be marked as Joint Trial Exhibit 1.

      8. On or about December 8, 1975, ABC executed a demand note in the amount of $700,000 to the benefit of Sunnyside to cover the CBB credit. A copy of this demand note will be marked as Joint Trial Exhibit 2.

      9. The business purpose of the CBB credit, as communicated to Sunnyside, was to induce CBB to provide inventory financing to ABC's Brazilian supplier, BLE.

      10. Sunnyside personnel drafted the wording of the CBB credit.

      11. On April 13, 1976 Jonathan Jones of Sunnyside's International Department telephoned Samuel Smith with regard to a telex. A copy of the telex will be marked as Joint Trial Exhibit 3.

8

12. On or about April 20, 1976, Sunnyside remitted payment of $700,000 to CBB.

13. On or about April 20, 1976, Sunnyside sent an advice of payment to ABC.  This advice of payment will be marked as Joint Trial Exhibit 4.

14. ABC did not receive any documentation from Sunnyside with respect to the drawing of the CBB credit until the commencement of this action.

15. On or about May 1, 1976 Sunnyside called the $700,000 demand note and demanded payment in full. ABC made payment in full on or about May 31, 1976.

16. In August 1976 Sunnyside received documents from CBB purporting to fulfill the documentary requirements of the CBB credit.  These documents will be marked respectively as follows: a signed sight draft for $700,000 dated March 21, 1976--Joint Trial Exhibit 5A; a bank statement relating to BLE's accounts at CBB--Joint Trial Exhibit 5B; and two telegrams from CBB to BLE--Joint Trial Exhibits 5C, 5D.

B. Plaintiff's Proposed Findings of Fact

1. ABC communicated to Sunnyside in April 1976 that it did not intend to be obligated under the CBB credit after the expiration date of June 1, 1976 and unless the requisite documents were received.  (Testimony of Samuel Smith; text of CBB credit, Joint Trial Exhibit 1).

9

2. After April 13, 1976 ABC made continued demands on Sunnyside for the documents called for under the CBB credit.  Documents reflecting such demands will be marked as Plaintiff's Exhibits 1, 2, and 3.  (Testimony of Samuel Smith; Deposition of Jonathan Jones, pp. 31-33; Telegrams from ABC to Sunnyside, Plaintiff's Exhibits 1, 2, and 3).

3. Sunnyside did not request on April 13, 1976 or thereafter a waiver of the documentary requirements of the CBB credit and no such waiver was ever given.  (Testimony of Samuel Smith; Deposition of Jonathan Jones, pp. 38-41; Deposition of Harvey Harris, vice-president of Sunnyside's Commodity Finance Division, pp. 102-06).

4. In March and April of 1976 BLE was not in material breach of any of its obligations to CBB. (Testimony of Daniel Darnel, former president of BLE).

### C. Defendant's Proposed Findings of Fact

1. During the telephone conversation between Smith and Jones with regard to the telex received on April 13, 1976, Jones read the entire telex to Smith and advised Smith that the documentary requirements had not been received. (Testimony of Jonathan Jones; Deposition of Samuel Smith, pp. 59-62).

2. By word and conduct, ABC waived its right to insist that the required documents be received before payment was made under the CBB credit.  (Testimony of

10

Jonathan Jones; Testimony of Frederick Foster; CBB credit, Joint Trial Exhibit 1; CBB telex, Joint Trial Exhibit 3; Advice of payment, Joint Trial Exhibit 4; Smith letter to Jones dated April 30, 1976, Defendant's Exhibit A).

      3. BLE had failed to repay amounts due CBB and was in default at the time CBB drew under the CBB credit. (BLE loan application form, Joint Trial Exhibit 6; BLE bank statement, Joint Trial Exhibit 5B; two telegrams from CBB to BLE, Joint Trial Exhibits 5C and 5D; Testimony of Ricardo Ramirez, vice-president of CBB).

### D. Expert Witnesses

      The plaintiff does not intend to call upon any expert witness to testify.

      The defendant intends to call upon the following expert witness to testify:

      1. Frederick Foster

### E. Premarked Joint Trial Exhibits

      The parties hereby stipulate and agree that the following exhibits may be received, with the Court's approval, in evidence at trial as premarked joint trial exhibits:

      1.  CBB letter of credit

      2.  $700,000 demand note to benefit of Sunnyside

      3.  CBB telex to Sunnyside

11

4.   Advice of payment from Sunnyside to ABC

5A.  Signed draft for $700,000

5B.  BLE bank statement

5C.  Telegram from CBB to BLE dated Feb. 21, 1976

5D.  Telegram from CBB to BLE dated March 10, 1976

### F. Premarked Disputed Exhibits

The parties have not been able to agree on the admissibility of the following premarked exhibits which they intend to offer at trial.

The plaintiff will offer the following exhibits to be received in evidence, to which the defendant objects:

1.   Telegram from ABC to Sunnyside dated April 15, 1976

> (Defendant objects on grounds of authenticity pursuant to Fed. R. Evid. 901.)

2.   Telegram from ABC to Sunnyside dated April 22, 1976

> (Defendant objects on grounds of authenticity pursuant to Fed. R. Evid. 901.)

3.   Telegram from ABC to Sunnyside dated May 5, 1976

> (Defendant objects on grounds of authenticity pursuant to Fed. R. Evid. 901.)

The defendant will offer the following exhibit to be received in evidence, to which plaintiff objects:

A. Smith letter to Jones dated April 30, 1976

12

(Plaintiff objects on grounds of hearsay
pursuant to Fed. R. Evid. 802).


G. <u>Type of Trial and Estimated Length</u>

1. Plaintiff has made a demand for trial by jury.

2. Plaintiff estimates that it will take half a
day to present its case.

3. Defendant estimates that it will take half a
day to present its case.

Dated:   New York, New York
         _____
              (Date)

                              FIRM NAME

                              By _____
                                    (Signature)
                              Address and telephone No.
                              Attorneys for Plaintiff(s)


                              FIRM NAME

                              By _____
                                    (Signature)
                              Address and telephone No.

                              Attorneys for Defendant(s)



         So Ordered.

Dated:   New York, New York
         _____
              (Date)


                         _____
                              U. S. D. J.



13