ORIGINAL

MEMO ENDORSED

# Dechert
LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 10/5/22

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**MICHAEL H. MCGINLEY**

michael.mcginley@dechert.com
+1 215 994 2463 Direct
+1 215 655 2131 Fax

September 30, 2022

**VIA ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United State Courthouse
500 Pearl Street
New York, NY 10007

Re: *Innovatus Capital Partners, LLC v. Neuman*, No. 1:18-cv-04252-LLS (S.D.N.Y.)[1] and *MV Realty PBC, LLC v. Innovatus Capital Partners*, LLC, No. 1:18-07142-LLS (S.D.N.Y.)

Dear Judge Stanton:

We are counsel to Innovatus Capital Partners, LLC ("Innovatus"), which is Plaintiff in the first above-captioned action and Defendant and Cross-Claimant in the second. We write to request permission to file under seal portions of Innovatus' Opposition to the MV Realty Parties'[2] Motion *in Limine* No. 2. Dkt. 341.

A court may seal judicial documents if that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations omitted). Materials that reveal marketing strategy, financial analysis, and business development strategy are routinely considered highly proprietary by courts and worthy of protection by sealing from the public. *See, e.g., Playtex Products, LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11–12 (S.D.N.Y. March 29, 2016); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014).

The proposed redactions to Innovatus' Opposition to the MV Realty Parties' Motion *in Limine* No. 2 are aimed at protecting references to and quotes from information that has been designated by the MV Realty Parties as "HIGHLY CONFIDENTIAL," which is defined in the Protective Order as "information which is in the possession of a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial, competitive or other injury that cannot be avoided by less restrictive means."

---

[Handwritten endorsement:] While noting Innovatus's politesse in suggesting that the highlighted portion of its opposition should be sealed (on MV's behalf) those portions approach the banal, and shall not be sealed.

Louis L. Stanton
10/5/22

---

[1] All citations to "Dkt." herein refer to the docket entries in *Innovatus Capital Partners, LLC v. Neuman*, No. 1:18-cv-04252-LLS (S.D.N.Y.).

[2] The "MV Realty Parties" refers collectively to Defendants and Cross-Claimants Jonathan Neuman, Antony Miller, Ritz Advisors, LLC, Greg Williams, Daryl Clark, and Amanda Zachman in the first above-captioned action, and Plaintiff MV Realty PBC, LLC in the second above-captioned action.



Hon. Louis L. Stanton
September 30, 2022
Page 2

*See* Dkt. 75 at 2 (Protective Order). The Protective Order also requires the parties to follow "the procedures outlined in Fed. R. Civ. P. 5.2., the Standing Order Regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases dated December 19, 2019, and the Individual Rules of Practice issued of the Court, or any Standing Procedural Order subsequently issued by the Court." *Id.* at 11.

Pursuant to the Protective Order, we understand that the MV Realty Parties' designation of these materials as "HIGHLY CONFIDENTIAL" means that the MV Realty Parties believe the information contained therein is competitively sensitive and would be harmful if released to the public.

Accordingly, Innovatus respectfully requests the Court's permission to file its Opposition to the MV Realty Parties' Motion *in Limine* No. 2 under seal, pending any further briefing from the MV Realty Parties.

Respectfully,

Michael H. McGinley

CC: All counsel of record (via ECF)